[Civ. No. 42567. Second Dist., Div. Two. May 16, 1974.]

ELIZABETH DeMEO, Individually and as Administratrix, etc., Plaintiff and Respondent, v.
ST. FRANCIS HOSPITAL et al., Defendants and Respondents; CONTINENTAL CASUALTY COMPANY, Intervener and Appellant.

**COUNSEL**

Zonni, Ginocchio & Taylor, John B. Mestad and Mestad & Sanborn for Intervener and Appellant.

Hagenbaugh & Murphy, Bonne, Jones & Bridges, Van A. Hagenbaugh and Edwin J. Lucks for Defendants and Respondents.

No appearance for Plaintiff and Respondent.

**OPINION**

**COMPTON, J.**—On November 15, 1968, Elizabeth DeMeo, individually[1] and as administratrix of the estate of her husband Anthony DeMeo, brought an action against St. Francis Hospital and several doctors alleging wrongful death due to medical malpractice.

On November 12, 1969, appellant Continental Casualty Company, workmen's compensation carrier for the deceased's employer filed a complaint in intervention to recover expenditures for medical and disability benefits paid on behalf of the deceased prior to his death on August 13, 1968.

Prior to trial and without consent of appellant, Mrs. DeMeo settled her individual claim for wrongful death with the various named defendants. Thereafter the trial court ruled that appellant's complaint in intervention was barred by the statute of limitations and entered judgment for defendants. This appeal followed. We affirm the judgment.

Anthony DeMeo sustained industrial injuries on January 28, and February 21, 1963. For 62 days following March 20, 1963, he was confined to St. Francis Hospital and treated by several doctors. During this treatment he apparently suffered additional injury which produced partial paralysis and led to his death on August 13, 1968. Pursuant to awards of the Industrial Accident Commission (now Workmen's Compensation Appeals Board), appellant began making payments for compensation and medical treatment, which payments continued until the date of death.

The complaint filed by the widow Mrs. DeMeo, which was the first action taken in connection with the injury allegedly sustained by the deceased at the hands of the hospital and physicians, contained two causes of action. The first cause of action was for individual damages suffered by her as a result of the wrongful death of her husband. In this cause of action there could be no recovery of any special damages incurred by the deceased prior to his death. (Code Civ. Proc., § 377; Prob. Code, § 573; *Gallup* v. *Sparks-Mundo Engineering Co.,* 43 Cal.2d 1 [271 P.2d 34].) It was this cause of action which was disposed of by settlement.

The second cause of action by Mrs. DeMeo as administratrix did seek as damages, medical expenses and loss of earnings suffered by deceased prior to his death and was the cause of action in which appellant intervened.

---

[1]Three children were also joined as individual plaintiffs.

When an employee is injured in the course of his employment as the result of a third party's negligence, he may apply for and receive workmen's compensation benefits and also bring an action against such third party for all damages resulting from the injury. (Lab. Code, § 3852.) Of course, the statute of limitations governing the action against the third party is one year. (Code Civ. Proc., § 340, subd. 3.)

At the same time the employer in such situation has three options. He may apply for a lien in any recovery by the employee to the extent of benefits paid or to be paid (Lab. Code, § 3856, subd. (b)), he may join as a plaintiff in the employee's action or intervene therein (Lab. Code, § 3853), or he may bring an action directly against the third party (Lab. Code, § 3852). (*Brown* v. *Superior Court,* 3 Cal.3d 427 [90 Cal.Rptr. 737, 476 P.2d 105]; *Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641].) If he takes that latter course, the statute of limitations is also one year. (*Liberty Mutual Ins. Co.* v. *Fabian,* 228 Cal.App.2d 427 [39 Cal. Rptr. 570].) If on the other hand the employee has filed an action within the period of limitation, the employer may intervene in that action at any time prior to trial even though the date of intervention is beyond the one-year period. (*Harrison* v. *Englebrick,* 254 Cal.App.2d 871 [62 Cal.Rptr. 831].)

Thus in order for an employer to recover for Workmen's Compensation benefits paid on behalf of an employee injured by a negligent third party there must be an action filed by either the employee or the employer within one year of the negligent act. (*Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.,* 41 Cal.2d 785 [264 P.2d 5, 41 A.L.R.2d 1037].)

The principle underlying the employer's right to subrogation as provided in the Labor Code is to prevent double recovery by the employee of his special damages. (*Corley* v. *Workmen's Comp. Appeals Bd.,* 22 Cal.App. 3d 447 [99 Cal.Rptr. 242].) The limitation period as to the employee's claim is not tolled by the fact that the special damages may be accruing during and after the one-year period. It follows that the limitation period on the employer's claim is not tolled by the fact that the amount of benefits payable have not become fixed or final. Labor Code section 3852 provides that the right of the employer arises when he pays or become *obligated* to pay workmen's compensation benefits.

In the case at bar, neither the deceased nor appellant filed an action within the one year from the date of the alleged negligent acts which occurred on or before May 21, 1963, or from the date of discovery of the

alleged malpractice which was as found by the trial court to be November 20, 1963. Since such action was thus barred at least by November 20, 1964, it was not resurrected by the action of the administratrix filed in 1968. (*Neff* v. *New York Life Ins. Co.,* 30 Cal.2d 165 [180 P.2d 900, 171 A.L.R. 563].) That latter action for medical expenses and loss of earnings was itself barred by the statute of limitations, hence appellant's complaint in intervention was also barred.

Our conclusion that any recovery under the cause of action for wrongful death was never subject to any claim of lien or subrogation by appellant, obviates any need to discuss the ability of the widow to settle that claim without appellant's consent. Labor Code section 3859 dealing with the rights of the employer in case of a settlement by the employee is only applicable to those claims of employees which cover damages for which compensation benefits have been or will be paid by the employer.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 10, 1974.