[L.A. No. 30651. Sept. 14, 1977.]

COUNTY OF SAN DIEGO, Plaintiff and Appellant, v.
SANFAX CORPORATION et al., Defendants and Respondents.

864

## COUNSEL

Robert G. Berrey and Donald L. Clark, County Counsel, and Yves A. Hebert, Deputy County Counsel, for Plaintiff and Appellant.

Robert G. Steiner, Eugene J. Silva, Michael J. Weaver and Luce, Forward, Hamilton & Scripps for Defendants and Respondents.

Charles R. Ibold, Jr., Charles C. Ryan and Ibold, Anderson, Mercer & Gallagher as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

**TOBRINER, Acting C. J.**—Under Labor Code section 3852,[1] an employer who pays workers compensation benefits to an employee may sue a third party in order to recover a sum equivalent to the benefits which the employer must provide the employee, if the third party, and not the employer, is responsible for the employee's injury. At least since our decision in *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.* (1953) 41 Cal.2d 785 [264 P.2d 5, 41 A.L.R.2d 1037], California courts have consistently held that Code of Civil Procedure section 340, subdivision 3, the statute of limitations which governs actions "for injury . . . caused by the wrongful act or neglect of another," governs an employer's action against a third party, just as it would govern an employee's suit against the third party. Under these decisions, an employer has one year from the date of an employee's injury in which to bring an action against a third party.

---

[1]Labor Code section 3852 provides: [Par.] "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer

Plaintiff asks us to overturn this long-settled rule and hold that Code of Civil Procedure section 338, subdivision 1, which provides a three-year statute of limitations for "[a]n action upon a liability created by statute," fixes the time limit for an employer's action. Alternatively, plaintiff argues that, even if Code of Civil Procedure section 340, subdivision 3, applies, the one-year period runs, not from the date of the employee's injury, but from the date upon which the employer agrees to pay or is ordered to pay for the employee's workers compensation benefits.

We reject both of plaintiff's contentions. As we shall see, the case of *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co., supra,* and its progeny, in concluding that the employer's action is essentially a tort action and therefore that Code of Civil Procedure section 340, subdivision 3, should govern, accurately reflect the statutory scheme which the Legislature has set up to regulate employer and employee suits against third parties. As we shall also see, *Aetna* and its progeny not only reach a correct conclusion as a matter of workers compensation policy but also are entirely consistent with the usual approach which California courts take in deciding which competing statute of limitation should apply.

Much of the same reasoning which compels the application of Code of Civil Procedure section 340, subdivision 3, also underlies our conclusion that it is the date of the employee's injury, and not the date upon which the employer agrees to pay or is ordered to pay workers compensation, which triggers the running of the statute. As we shall point out, the structure of the statutory framework within which an employer sues a third party clearly reveals a legislative design that employer and employee claims against third parties be brought in parallel lines. If we were to accept plaintiff's argument, we would ignore that preference.

1. *The facts.*

This case comes to us on appeal from an order dismissing the complaint of plaintiff County of San Diego which the trial court entered after sustaining without leave to amend a demurrer by defendants Sanfax Corporation et al. For purposes of our review, we accept the

---

who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

accuracy of the facts which the county asserts in its complaint. This lawsuit is but one of the pieces of litigation which various individuals have brought in the wake of the incidents which the county's complaint describes. In order to make clear the relationship of this action to these other suits, we include in our statement of facts, in addition to the facts which the county sets out in its complaint, aspects of the procedural history of these other suits, as well as facts which emerged in the context of these suits—facts that the parties here call to our attention that neither party disputes.

On November 23, 1971, an explosion at a pollution control facility maintained by the county injured Eddy S. Edrozo and Patrick Lisi. At the time of the explosion, Edrozo and Lisi were using an industrial strength drain cleaner manufactured by Sanfax to clean the inside of a sludge line. Edrozo was a county employee. The county provided him with workers compensation benefits following the accident. Lisi was a United States Marine who, although on active duty, was working for the county as part of a civilian job training program established by agreement between the United States Marine Corps and the county. The county did not regard Lisi as its workers compensation responsibility, and did not provide him with benefits.

Both Edrozo and Lisi brought suit against Sanfax within one year of the accident. On May 4, 1973, the county filed a lien in Edrozo's action, for the purpose of recovering its workers compensation expenses. Lisi joined the county as defendant in his action.

On November 20, 1972, Lisi filed an application for workers compensation benefits with the Workers' Compensation Appeals Board. On March 5, 1974, the county's public liability insurance carrier, representing the county in the Lisi litigation, moved for summary judgment on the ground that Lisi was a county employee and that therefore the county owed him only workers compensation benefits.[2] A short time thereafter, both Edrozo and Lisi settled their claims with Sanfax, Edrozo receiving $60,000 and Lisi, $160,000.[3] Neither Edrozo nor Lisi sought to obtain the county's consent to the settlement; Edrozo's settlement ignored the county's lien. On April 12, 1974, the trial court granted the county's motion for summary judgment in the Lisi action, ruling that Lisi was indeed a county employee for purposes of workers compensation.

---

[2]The county acts as a self-insurer with respect to its workers compensation obligations.

[3]Edrozo executed an out-of-court settlement agreement with Sanfax on May 30, 1974; his complaint against Sanfax was dismissed with prejudice on June 5, 1974. Lisi executed

The county brought this action against Sanfax on June 27, 1974. The county urged three theories of liability; a products liability theory, a negligence theory, and a fraud theory, and sought to recover as damages the workers compensation benefits which the county had already paid to Edrozo, amounting to $20,028.94, the benefits which the county owed Lisi, alleged to be in excess of $30,000, and any future workers compensation obligations to either Edrozo or Lisi which the county might incur. The county also sought punitive damages of $5 million.

Sanfax' demurrer asserted that the statute of limitations barred the county's suit. The county had not brought its action within one year of the injury to Edrozo and Lisi, the period fixed by Code of Civil Procedure section 340, subdivision 3, the statute which Sanfax claims was relevant. The trial court agreed with Sanfax, sustained the demurrer, and dismissed the complaint.

2. *An employer's action under Labor Code section 3852 is essentially a tort action; accordingly, application of the one-year statute of limitations of Code of Civil Procedure section 340, subdivision 3 is appropriate.*

The county claims that Code of Civil Procedure section 338, subdivision 1, fixes the period of time within which it could sue Sanfax, and that since that statute's three-year limit had not yet run, its action was timely. Sanfax, however, argues that, under Code of Civil Procedure section 340, subdivision 3, the county had only one year from the date of the injury to Edrozo and Lisi within which to sue, and therefore that the statute of limitations does in fact bar the county's action.[4]

On their face, both statutes appear to apply. The county's action, brought under Labor Code section 3852, is "[a]n action upon a liability created by statute." (Code Civ. Proc., § 338, subd. 1.) It appears to be equally true, however, that, in bringing suit, the county seeks to recover "for injury . . . caused by the wrongful act or neglect of another." (Code Civ. Proc., § 340, subd. 3.) Although both statutes apparently are pertinent, this court and the Courts of Appeal have consistently held that

a settlement with Sanfax on March 19, 1974; Lisi's complaint against Sanfax was dismissed on April 1, 1974.

[4] We shall hereinafter refer to Code of Civil Procedure section 340, subdivision 3, as the "one-year statute"; we shall refer to Code of Civil Procedure section 338, subdivision 1, as the "three-year statute."

the one-year statute in fact governs. In this section, we explain why this conclusion is correct.[5]

 a. *Under the California workers compensation scheme, employer and employee third-party actions are interchangeable.*

 The California workers compensation scheme not only fixes the right of an employee who suffers a job-related injury to recover compensation from his or her employer or fellow employees (see Lab. Code, §§ 3600, 3601) but also significantly defines the rights of action of both an employee and an employer in the event that a third party is responsible for the employee's injury. These statutory provisions are "primarily procedural." (*Roe* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884, 889 [117 Cal.Rptr. 683, 528 P.2d 771].) They seek to insure, first, that, regardless of whether it is the employee or the employer who sues the third party, both the employee and the employer recover their due, and, second, that, as far as possible, the third party need defend only one lawsuit.

To these ends, the workers compensation statutes set up procedures which guarantee an employee and an employer notice of each other's action, authorize the employee and the employer to intervene in each other's lawsuit, provide for mandatory consolidation of separate employee and employer actions, and grant the employee and the employer the right to share in each other's judgment or settlement. The procedures governing notice, intervention, and mandatory consolidation are relatively straightforward. Labor Code section 3853 provides: "If either the employee or the employer brings an action against such third person, he shall forthwith give to the other written notice of the action, and of the name of the court in which the action is brought by personal service or registered mail. Proof of such service shall be filed in such action. If the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently."

 The procedures which the workers compensation statutes set up to enable employers and employees to share in each other's recoveries are inevitably more complex. To the extent that the damages which the

---

[5]In the next section, we address the county's argument that, even if the one-year statute applies, it runs from the date upon which the employer assumes responsibility for the employee's workers compensation benefits, and not from the date of the employee's injury.

employee recovers from a third party simply duplicate the benefits which the employee has already received from the employer, the employee's own recovery provides a fund from which the employer may draw.[6] ▮ It is, however, necessary to authorize the employer, in the event that the employee does not sue, to recover the damages which the third party owes to both the employer and the employee: read together, Labor Code sections 3852, 3853, 3854, and 3859 provide such authorization. (*State Comp. Ins. Fund* v. *Matulich* (1942) 55 Cal.App.2d 528, 530-531 [131 P.2d 21]; accord, *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co., supra,* 41 Cal.2d at p. 787; *Smith* v. *County of Los Angeles* (1969) 276 Cal.App.2d 156, 163 [81 Cal.Rptr. 120]; see also 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1976) § 24.07[3].)

It also is necessary to set up procedures whereby an employee may share in an employer's recovery, and vice versa. Labor Code section 3856 provides for such procedures in the event that an employee or an employer recovers a judgment. Labor Code section 3860 sets out analagous procedures to govern settlements. (See also Lab. Code, § 3859.)

▮ Labor Code sections 3856 and 3860 make it possible for the third party to be held liable "for all the wrong his tortfeasance brought about" (*Smith* v. *County of Los Angeles, supra,* 276 Cal.App.2d at p. 162), regardless of whether it is the employee or the employer who brings suit. Taken together with the notice, intervention, and consolidation procedures set out in Labor Code section 3853, these statutes attempt to insure that "[i]n either case, single or joint plaintiffs, there results but the one *total action,* and the defendant is put to his defense but once with the *totality* of recovery for his tortfeasance at issue." (*Id.,* at p. 164 [italics in original].)

The workers compensation statutes governing employer and employee actions against third parties do not define the substantive law which determines whether an employee or an employer will in fact recover.

[6]See Labor Code section 3856, subdivisions (b) and (c). "[T]he Labor Code does not purport to alter the correlative rights and liabilities of persons who do not occupy the reciprocal statuses of employer and employee." (*Baugh* v. *Rogers* (1944) 24 Cal.2d 200, 214 [148 P.2d 633, 152 A.L.R. 1043].) Accordingly, if the employer's damages did not take the form of a share of the employee's damages, the third party would be subjected to an unfair double recovery. (See *Fernandez* v. *Consolidated Fisheries, Inc.* (1953) 117 Cal.App.2d 254, 265 [255 P.2d 863]; see also *Roe* v. *Workmen's Comp. Appeals Bd., supra,* 12 Cal.3d at p. 889.)

(See *Baugh* v. *Rogers, supra.*) Instead, the substantive law which governs employer and employee actions is usually the general tort law. As applied in cases involving employee and employer third party claims, however, the general tort law works in parallel with the procedures which the Legislature has set up. Substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit.

This congruence is largely the result of our decision in *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641]. *Witt* established that an employer cannot recover from a third party payments made under the workers compensation laws if either the employer or the injured employee was contributorily negligent; moreover, if the employer was contributorily negligent and the employee was not, the employee could recover from the third party only damages in excess of the workers compensation benefits which the employee received from the employer. (*Id.,* at pp. 68-73.) ■ To the extent that contributory negligence is a defense available to a third party, *Witt* causes the conduct of *both* the employee and the employer to be relevant regardless of whether it is the employee or the employer who brings suit. In effect, therefore, *Witt* turns the employee and employer actions into substantively the same lawsuit.

b. *The one-year statute of limitations of Code of Civil Procedure section 340, subdivision 3, properly governs both employee and employer third party actions; to hold that the three-year statute of limitations of Code of Civil Procedure section 338, subdivision 1, governs an employer's action would not only conflict with the objectives of the workers compensation statutes, but would also represent a departure from the recognized approach to the application of the statute of limitations.*

■ Recognizing the procedural and substantive interchangeability of employee and employer third party actions, the cases have consistently held that the same statute of limitations, Code of Civil Procedure section 340, subdivision 3, governs both employee and employer actions. This one-year statute fixes the statute of limitations for an employee's action. (See, e.g., *DeMeo* v. *St. Francis Hosp.* (1974) 39 Cal.App.3d 174, 177 [114 Cal.Rptr. 280].) The cases uniformly hold that the one-year statute also fixes the statute of limitations for an employer's action. (See, e.g., *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co., supra,* 41 Cal.2d at pp. 787-788; *DeMeo* v. *St. Francis Hosp., supra*; *City of Los Angeles* v. *Aldrich* (1966) 242 Cal.App.2d 306, 309 [51 Cal.Rptr. 408]; *Liberty Mutual Ins. Co.* v. *Fabian* (1964) 228 Cal.App.2d 427 [39 Cal.Rptr. 570].)

*Aetna* and *Fabian* are the leading decisions. In concluding that the one-year statute should apply, these decisions emphasize the substantive nature of the employer's claim, the procedural structure framing an employer's action, and the anomalies which a contrary holding would entail.

In *Aetna,* we held that the one-year statute of limitations of section 340, subdivision 3, and not the three-year statute of Code of Civil Procedure section 338, subdivision 1, fixes the time limit within which an employer may sue to recover its employee's damages. "The employee's general damage claim, whether prosecuted by the employee personally or by his employer or its insurance carrier on his behalf, is solely one in tort for personal injuries arising out of the negligence of the third party tortfeasor. . . . There is nothing in the Labor Code (§§ 3850-3863) which would indicate an intention to impose a greater burden on the tort feasor if recovery on the employee's damage claim is sought by the employer or its insurance carrier rather than the injured employee insofar as the time of suit is concerned. The tort liability . . . remains the same." (41 Cal.2d at pp. 787-788.)

In *Fabian,* the court held that the one-year statute also governs an employer's action to recover the workers compensation benefits which it has paid to its employee. The court noted that "[t]he Legislature makes no distinction" between an employer's right to recover its own damages and the employer's right to recover its employee's damages. (228 Cal.App.2d at pp. 436-437.) The court also found that, given the procedural framework within which employer and employee actions are brought, various anomalies would result if different statutes of limitations governed the two actions. For example, "[s]hould both the employer and the employee sue the third party, if the three-year statute applies to the employer's right of action, there would result the peculiar situation of there being two statutes of limitation applicable in the same action, . . . and yet the rights of action both arise out of the same 'wrongful act or neglect of another.' " (*Id.,* at p. 435.) "All damages arising out of the third party's tortious acts," the *Fabian* court declared, "are and should be treated the same." (*Id.,* at p. 437.)

*Aetna* and *Fabian* to the contrary notwithstanding, however, the county argues that, while the one-year statute properly fixed the time limit for an employee's action, the three-year statute should mark the temporal boundaries of an employer's action. The county's argument rests upon the assumption that the three-year statute should apply

whenever a statutory cause of action would not exist at common law. In effect, the county would have us retreat to the reasoning of *Limited Mutual etc. Ins. Co.* v. *Billings* (1946) 74 Cal.App.2d 881, 884-885 [169 P.2d 673], which we rejected in *Aetna* (see 41 Cal.2d at p. 787), and *Morris* v. *Standard Oil Co.* (1926) 200 Cal. 210, 214 [252 P. 605], upon which *Billings* partially relies.[7]

We note at the outset that, in making this argument, the county has chosen a hard row to hoe. As we have seen, the county's argument rejects the logic of the workers compensation scheme itself: both procedurally and substantively, that scheme suggests that employee and employer actions should be treated alike, as actions "for injury . . . caused by the wrongful act or neglect of another." (Code Civ. Proc., § 340, subd. 3.) As we have also pointed out, if we are to accept the county's argument, we must overrule *Aetna, Fabian,* and their progeny—in all, over 20 years of precedent.

Moreover, if we accept the county's argument, we must repudiate the views of most courts in other jurisdictions which have considered this question. (See generally 2A Larson, Workmen's Compensation Law (1976) § 75.30, p. 14-272; Annot., 41 A.L.R.2d 1044, 1045-1046.) In most jurisdictions, the same statute of limitations governs employee and employer actions. (See, e.g., *Joseph Schlitz Brewing Co.* v. *Chicago Rys. Co.* (1923) 307 Ill. 270 [138 N.E. 658, 660]; *Exchange Mut. Indem. Ins. Co.* v. *Central Hudson G. & E. Co.* (1926) 243 N.Y. 75 [152 N.E. 470, 471-472]; *J. F. Elkins Const. Co.* v. *Naill Bros.* (1934) 168 Tenn. 165 [76 S.W.2d 326, 327].) When presented with a choice between statutes of limitation governing "tort" and "statutory" actions respectively, courts have generally held that it is the "tort" limit which governs an employer's actions. (See, e.g., *Dickerson* v. *Orange State Oil Company* (Fla.App. 1960) 123 So.2d 562, 568; *Hartford Accident & Indem. Co.* v.

---

[7]Even on its own terms, the county's argument is not persuasive. Both before and since *Morris* and *Billings*, we have indicated that, in granting employers the right to sue third parties, the Legislature simply gave statutory recognition to principles of equitable subrogation. (See *Western States etc. Co.* v. *Bayside L. Co.* (1920) 182 Cal. 140, 148 [187 P. 735]; *De Cruz* v. *Reid* (1968) 69 Cal.2d 217, 222 [70 Cal.Rptr. 550, 444 P.2d 342].) Courts in other jurisdictions have reached a similar conclusion. (See, e.g., *Davillier* v. *Cavn Venezuelan Line* (E.D.La. 1976) 407 F.Supp. 1234, 1236-1237; *McCormick* v. *Zander Reum Company* (1962) 25 Ill.2d 241 [184 N.E.2d 882, 883]; see also *Louviere* v. *Shell Oil Company* (5th Cir. 1975) 509 F.2d 278, 284-285.) Apparently, even if the Legislature had not acted, an employer would have been able to recover from a third party who was responsible for the employer having to pay workers compensation. In the sense in which the county uses the term, therefore, the employer's right of action may not be "statutory."

*Proctor & Gamble Co.* (1952) 91 Ohio App. 573 [49 Ohio Ops. 159, 109 N.E.2d 287, 289]; *State Insurance Fund* v. *Taron* (Okla. 1958) 333 P.2d 508, 511-512.) In both Louisiana and Wisconsin, two states with workers compensation schemes similar to California's, courts have held that the same statute of limitations must govern both an employer and an employee action. (See *Marquette Cas. Co.* v. *Brown* (1958) 235 La. 245 [103 So.2d 269, 272-273]; *Shelby Mutual Ins. Co.* v. *Home Mutual Ins. Co.* (1964) 25 Wis.2d 25 [130 N.W.2d 296, 299].)[8]

Clearly, as a matter of workers compensation law, we should apply the one-year statute. The county's argument can prevail only if we conclude (1) that *Aetna* and *Fabian,* no matter how much sense they might make as workers compensation law, depart significantly from our accepted approach to statute of limitations questions, and (2) that, in this context, statute of limitations policy should take precedence over workers compensation policy. We need not consider whether the second of these conclusions would be appropriate; it is clear that *Aetna* and *Fabian* fall well within the mainstream of our approach to deciding which statute of limitations governs.

Courts most often apply the three-year "statutory" statute of limitations in situations in which the statute itself, and not a contract or general principles of tort law, serves as the source of the court's rule of decision if the court reaches the merits. (See, e.g., *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297 [61 Cal.Rptr. 661, 431 P.2d 245] [action to recover pension benefits allegedly due plaintiff under city charter]; *Lerner* v. *Los Angeles City Board of Education* (1963) 59 Cal.2d 382 [29 Cal.Rptr. 657, 380 P.2d 97] [proceeding to compel reinstatement under tenure laws]; *BBD Transportation Co.* v. *Buller* (1975) 49 Cal.App.3d 124 [122 Cal.Rptr. 357] [action under Civ. Code, § 2194 making carrier strictly liable for loss of or injury to consigned property].) Similarly, courts commonly apply "contract" statutes of limitations (e.g., Code Civ. Proc., § 337, subd. 1) in cases in which they would treat a contract as the source of the substantive rights or duties of the litigants. (Cf., e.g., *Church* v. *Public Utilities Com.* (1958) 51 Cal.2d 399, 401 [333 P.2d 321] with, e.g., *Bank of America* v. *Security Pacific Nat. Bank* (1972) 23 Cal.App.3d 638,

---

[8]"There is no reason why the period of the tortfeasor's liability should depend on whether or not a claim is filed for workmen's compensation against the injured party's employer and workmen's compensation carrier, and on whether or not workmen's compensation benefits have been paid. In other words, acts of third parties over whom the tortfeasor has no control, which have occurred after the tortfeasor's act creating liability, ought not determine the length of the limitation period during which the tortfeasor remains liable." (*Shelby Mutual Ins. Co.* v. *Home Mutual Ins. Co., supra.*)

645-646 [100 Cal.Rptr. 438].) ▮ If a contract is the source of substantive rights or duties, the "contract" statute of limitations applies even if the Legislature has, in a given context, modified the remedies which a court would ordinarily afford in a contract action. (See, e.g., *Gardner* v. *Basich Bros. Construction Co.* (1955) 44 Cal.2d 191, 194 [281 P.2d 521].)

We have typically taken an analogous approach in deciding whether the one-year "tort" statute of limitations governs. ▮ If principles of tort law determine liability, the one-year statute applies, even if the underlying duty derives from contract (see, e.g., *Harding* v. *Liberty Hospital Corp.* (1918) 177 Cal. 520, 523-524 [171 P. 98]) or from statute. (See, e.g., *Franceschi* v. *Scott* (1935) 7 Cal.App.2d 494, 495-496 [46 P.2d 764].) Moreover, the one-year statute applies even if the Legislature alters rules of pleading or proof. (See, e.g., *Pritchard* v. *Sharp* (1974) 41 Cal.App.3d 530, 531 [116 Cal.Rptr. 9].) A court should apply section 340, subdivision 3, we have intimated, if adjudication of a case will require resort to principles with a "readily discernible analogue in state tort law." (*Williams* v. *Horvath* (1976) 16 Cal.3d 834, 839 [129 Cal.Rptr. 453, 548 P.2d 1125]; see also *id.*, at p. 841, fn. 2.)

Recognizing that there may be contexts in which courts justifiably have taken, or will take, a different approach to deciding the question of which statute of limitations governs, we do not suggest that this survey is exhaustive. Our purpose here is only to show that, in deciding which statute of limitations applies, California courts frequently adopt a mode of analysis which is not very different from that which the *Aetna* and *Fabian* courts applied.

The similarity, we think, is apparent. As we have seen, the *Aetna* and *Fabian* courts rested their holding that the one-year statute delimits an employer's action partly upon a finding that the employer's action sounds in tort. Moreover, as we have also seen, the *Aetna* and *Fabian* courts, far from seeing legislative procedural reforms as a bar to classification of an employer's action as a tort action, saw those reforms as themselves arguments for applying section 340, subdivision 3.

If the county were to demonstrate that section 338, subdivision 1, rather than section 340, subdivision 3, should apply in this case, it would be compelled to show that *Aetna* and *Fabian,* as statute of limitations decisions, were aberrational. It cannot do so. Accordingly, we reaffirm the holding of *Aetna* and *Fabian*: the one-year statute of limitations of

Code of Civil Procedure section 340, subdivision 3, governs an employer's action under Labor Code section 3852.

3. *The one-year statute of limitations does not run from the date upon which the employer agrees to pay or is ordered to pay workers compensation benefits but rather runs from the date of the employee's injury.*

■ The county contends that, even if the one-year statute applies, the one-year period runs, not from the date of an employee's injury, but from the date upon which an employer agrees to pay or becomes obliged to pay workers compensation benefits. The county rests this argument upon a fundamental proposition of statute of limitations law: "A cause of action accrues when a suit may be maintained thereon, and the statute of limitations therefore begins to run at that time." (*Dillon* v. *Board of Pension Commrs.* (1941) 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800].) Here, the county argues, it was not in a position to sue Sanfax, at least in connection with its workers compensation obligations to Lisi, until the trial court declared Lisi to be the county's employee; the statute of limitations, therefore, should run from the date of the trial court's decision, and not from the date of Lisi's injury, some two and one-half years earlier.

We reject this argument. As we shall see, this contention, like the county's argument for the three-year statute of limitations, is inconsistent with the policies underlying the workers compensation system. The county would ground its right of action under either Labor Code section 3852 or Labor Code section 3859. Neither statute's policies would be served if we adopted the county's construction. Moreover, we shall also see that, in rejecting the county's argument, we are not acting inconsistently with statute of limitations policy. The county did not fully take advantage of its opportunities in this case; there is no unfairness in holding it to a one-year statute of limitations which runs from the date of the employee's injury.

a. *Labor Code section 3852 does not grant an employer a right of action which runs from the date upon which the employer pays or is ordered to pay workers compensation benefits.*

The question here is essentially one of first impression: there is little discussion in our cases of whether the statute of limitations in an employer's action under section 3852 runs from the date of an employee's injury or

from the date upon which the employer pays or is ordered to pay benefits. In *Morris* v. *Standard Oil Co., supra,* the court did describe the applicable statute of limitations as "three years from the time the insurance company paid the disability indemnity to the injured employee" (200 Cal. at p. 214); the court, however, offered no explanation whatsoever for this conclusion. At least since *Aetna,* courts which have considered the statute of limitations question have uniformly held, without discussion, that the limitations period runs from the date of the employee's injury. (See, e.g., *DeMeo* v. *St. Francis Hosp., supra*; *Liberty Mutual Ins. Co.* v. *Fabian, supra,* 228 Cal.App.2d at p. 435 [by implication].)[9]

We note, however, that courts have confronted this question in other jurisdictions. As we have seen (see pp. 876-877, *ante*), in most jurisdictions courts have held that, for purposes of the statute of limitations, employee and employer actions run in parallel. A distinct minority view, however, holds that the employer's action does not accrue until the employer pays or is ordered to pay workers compensation benefits, and that the statute of limitations runs accordingly. (See, e.g., *State* v. *Cowlitz County* (1928) 146 Wash. 305 [262 P. 977, 979]; *Buss* v. *Robison* (Tex.Civ.App. 1952) 255 S.W.2d 339, 344-345; *Tuckwood* v. *Mayor of Rotherham* (1921) 1 K.B. 526; see also *Cheek* v. *J. Allen Couch & Son Funeral Home* (1972) 125 Ga.App. 438 [187 S.E.2d 907, 912].)

In these cases, the courts have emphasized either that the workers compensation statutes expressly denominate the employer's action as an "indemnity" action, evidence of legislative intent that the right of action accrues at the time of payment (see *State* v. *Cowlitz County, supra*; *Tuckwood* v. *Mayor of Rotherham, supra*) or that some other feature of the statutory scheme requires the court to hold that the employer's action does not accrue until the employer pays or is ordered to pay benefits. (See *Campbell* v. *Sonford Chemical Company* (Tex. 1972) 486 S.W.2d 932, 934 [but urging legislative reform].) If neither of these features are

---

[9]As the county notes, public employee retirement funds may recover for their disbursements from third parties who are responsible for injuries to public employees at any time within three years from the date upon which such a fund becomes obliged to pay an employee's retirement benefits. (See *Board of Retirement* v. *Terry* (1974) 40 Cal.App.3d 1091, 1097 [115 Cal.Rptr. 718]; *Board of Administration* v. *Ames* (1963) 215 Cal.App.2d 215, 220-222 [29 Cal.Rptr. 917].) Government Code section 21455, however, specifically provides that this statute of limitations should fix the time period within which the state Public Employees' Retirement System may bring a third party action. In *Board of Administration* v. *Ames, supra,* the case upon which the county chiefly relies, the court found that section 21455 directly governed (*id.,* at p. 222); the discussion in *Ames* of what the rule would have been if section 21455 did not apply was thus dictum. In *Board of Retirement* v. *Terry, supra,* the court relied upon section 21455 as a guiding analogy.

present, courts have refused to allow employers to push back the starting point of the statute of limitations from the date of the employee's injury to the date upon which the employer began to pay benefits. (See, e.g., *American Mutual Liability Ins. Co.* v. *Reed Cleaners* (1963) 265 Minn. 503 [122 N.W.2d 178, 182]; *Hardware Mutual Casualty Ins. Co.* v. *Skelly Oil Co.* (Okla. 1965) 400 P.2d 164, 166.)

We thus look to Labor Code section 3852 itself and to the policies which it furthers in order to assess the county's argument. We note that section 3852 does not on its face refer to an employer's right as a "right of indemnity." More fundamentally, we note, as we have seen earlier, that the statutes which prescribe employee and employer actions appear to have as one objective the goal of reducing the likelihood that a third party will be forced to defend more than one action. Plainly, this purpose would not be fulfilled if we were to hold that the employer's statute of limitations runs from the date upon which the employer agrees to pay or is ordered to pay its employee's benefits. At least in cases in which an employer disputes its workers compensation responsibility, the possibility would arise that an employer could bring suit against a third party after the conclusion of the employee's action, and perhaps even after the third party had defeated the employee's claim. Thus, statutory policy, far from supporting the county's argument, serves to refute it.[10]

 b. *Labor Code section 3859 does not grant an employer a right of action which runs from the date upon which an employee settles his or her claim with a third party without the employer's consent.*

The county also claims that Labor Code section 3859 grants employers a right of action which runs from the date upon which an employee settles his claim with a third party without the employer's consent. As we shall see, this argument finds some support in the ambiguous language of section 3859. But as we shall also see, the

---

[10]We note support for this conclusion in *St. Paul Fire & Marine Insurance Co.* v. *Cunningham* (9th Cir. 1958) 257 F.2d 731. In that case, the court held that an employer's right of action against an employee whose negligence renders the employer liable to a third party, a right recognized by Labor Code section 2865, "cannot be maintained until the loss has been ascertained, either by a judgment against the employer or the payment of a judgment." (*Id.,* at p. 732.) The court distinguished Labor Code section 3852, and *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co., supra,* which the court interpreted to fix section 3852's right of action as accruing from the date of injury. "There the employer was suing upon a cause of action which was no more than the employee's and coincident therewith. Hence the employer's right to sue began at the same time and ran for the same period. Whether or not the employer or employee individually or jointly sues, it is one and the same cause of action." (257 F.2d at p. 732.)

county's construction of this statute would disrupt the balance between an employer's litigation and settlement rights, a balance which the Legislature apparently intended the statute to preserve. We thus reject the county's interpretation of section 3859.

Section 3859, subdivision (b), which is the pertinent provision, states: "Notwithstanding any thing to the contrary contained in this chapter, an employee may settle and release any claim he may have against a third party without the consent of the employer. Such a settlement or release shall be subject to the employer's right to proceed to recover compensation he has paid in accordance with Section 3852." On its face, section 3859, subdivision (b), appears to deprive an employer of its right to veto an employee settlement, but to preserve the employer's right to proceed under section 3852. (See *Van Nuis* v. *Los Angeles Soap Co.* (1973) 36 Cal.App.3d 222, 229 [111 Cal.Rptr. 398].) Only by construing the reference to section 3852 as an analogy can the county claim that section 3859, subdivision (b), creates a new right of action.

Prior to 1971, section 3859 consisted of only one provision (now subd. (a)) which declared in pertinent part: "No release or settlement of any claim . . . as to either the employee or the employer is valid without the consent of both." Until our decision in *Witt* v. *Jackson, supra,* this provision was not controversial. Any responsibility which an employer might bear for an employee's injury was irrelevant insofar as the employer's right of action against a third party was concerned (see, e.g., *Finnegan* v. *Royal Realty Co.* (1950) 35 Cal.2d 409, 434-435 [218 P.2d 17]), and thus the only effect of the consent requirement was to encourage employers and employees to settle their claims simultaneously.

*Witt* v. *Jackson* held that an employer could not recover workers compensation expenditures from a third party if the employer shared responsibility with the third party for an employee's injury. (See 57 Cal.2d at p. 73.) *Witt* thus qualified an employer's litigation rights: an employer could recover from a third party through independent action, intervention in an employee's action, or lien against an employee's recovery only if the employer was not also responsible for the employee's injury. *Witt,* however, did not abridge the employer's right, granted by section 3859, to veto an employee's settlement.

After *Witt,* an employer's litigation and settlement rights ceased to be equivalent. An employer could only recover through litigation if it was

without fault; even if the employer were contributorily negligent, however, it could still refuse to consent to an employee's settlement with a third party. At least theoretically, therefore, after *Witt* v. *Jackson,* an employer possessed bargaining power in the settlement context unrelated to the likelihood of its success in any litigation. By taking advantage of an employee's or third party's interest in a quick settlement, a contributorily negligent employer could conceivably coerce an employee or third party into allowing it to share in a settlement.

Initially, the courts attempted to deal with this inequitable situation. In *Brown* v. *Superior Court* (1970) 3 Cal.3d 427 [90 Cal.Rptr. 737, 476 P.2d 105], we synthesized a number of prior Court of Appeal decisions in holding that an employee could settle with a third party without the employer's consent once "the issues of [the third party's] negligence, and any alleged contributory negligence of the employee have . . . been determined favorably to the employee. . . ." (*Id.,* at p. 432; see also *Garrett* v. *Shenson Meat Co.* (1970) 5 Cal.App.3d 69 [85 Cal.Rptr. 65]; *Bennett* v. *Unger* (1969) 272 Cal.App.2d 202 [77 Cal.Rptr. 326]; *LaBorde* v. *McKesson & Robbins, Inc.* (1968) 264 Cal.App.2d 363 [70 Cal.Rptr. 726].)

One year after *Brown,* however, the Legislature amended section 3859, adding subdivision (b). Subdivision (b) eliminated the limits which *Brown* put on an employee's right to settle without an employer's consent (*Carden* v. *Otto* (1974) 37 Cal.App.3d 887, 896 [112 Cal.Rptr. 749]) and instead granted the employee freedom from the employer's veto in all cases. (See Lasky, *Subrogation under the California Workmen's Compensation Laws—Rules, Remedies and Side Effects* (1972) 12 Santa Clara Law. 1, 8-9.) Section 3859, subdivision (b), thus deprives the employer of any of the unfair bargaining power which *Witt* v. *Jackson* and the old section 3859 had together conferred.

The county's construction of section 3859, subdivision (b), would to some extent attempt to restore the inequity which section 3859, in its amended form, appears to be designed to remove. If an employer need not file an action against a third party until after the third party settles with the employee, the employer is again in a position to take advantage of the third party's aversion to uncertainty and delay, and could conceivably put the third party in a situation in which it insists that the employee obtain the employer's consent, or alternatively agrees to a settlement with the employer not fully reflective of the merits of the employer's claim. We should not construe section 3859 in a way which

threatens to undermine its apparent objective. Accordingly, we reject the county's claim that section 3859 creates a right to indemnity.

c. *It is not unfair to require employers to bring third party actions within one year of employee injuries.*

We have seen that the policies which underlie the workers compensation statutes suggest that we should reject the county's argument that the one-year statute of limitations runs from the date an employer pays or is ordered to pay benefits, and not from the date of an employee's injury. We now face the question of whether policies associated with statute of limitations doctrine, policies which are grounded in considerations of fairness, require us to disregard the policies of the workers compensation statutes.

The county claims that a one-year statute of limitations which runs from the date of the employee's injury is unfair because it may leave an employer without a remedy within the statutory period. Plainly, this is not the case if the employer acknowledges its workers compensation responsibility at the time of the employee's injury. Here, for example, the county could have initiated an action against Sanfax immediately after the explosion, basing its claim on its conceded responsibility for Edrozo's benefits.

Should an employer not volunteer benefits, and an employee delay initiation of WCAB proceedings, as was the case with the county and Lisi respectively, the employer's situation is more precarious, but the employer is not without means of guarding its interests. So long as the employer, as here, is aware of the employee's injury, the employer can take steps to prepare to file an action in the event that the employee decides to seek benefits. As the one-year period draws to a close, if the employee has not yet applied for benefits, the employer can protect itself from a last-minute claim by filing its third party suit anticipatorily. If the employee ultimately does not seek benefits, the employer can thereafter drop the suit.

The employer is also not without remedy should it decide to contest an employee's claim to benefits. The interests of the employer need not be jeopardized in any practical sense if the employer simultaneously denies its workers compensation responsibility before the WCAB and asserts that responsibility in an action against a third party. The employer, however, need not argue contradictory positions in order

to protect its interests. The triangular character of the litigation, which is the source of the employer's difficulties, is also a source of assistance: so long as the employee files suit against the third party, the employer need not fear the statute of limitations, since an employer can intervene in an employee action, even after the statute of limitations has run. (*Harrison v. Englebrick* (1967) 254 Cal.App.2d 871, 875 [62 Cal.Rptr. 831].)

The protection which the intervention right affords the employer could have been utilized by the county in this case. The county possessed a meaningful right of intervention as late as the period between Lisi's and Edrozo's settlement, more than two and one-half years after the accident. The county concedes it was informed of Lisi's settlement and Edrozo's settlement negotiations.[11] Once Lisi settled with Sanfax, the county should have been put on notice of the real possibility that Edrozo, too, might reach a settlement, and therefore that its lien in Edrozo's action might be worthless. (See Lab. Code, § 3860, subd. (b).) Between the time within which Lisi filed and Edrozo settled, the county could have intervened in Edrozo's action. If the county had followed this course, it would not only have preserved its right of action against Sanfax to recover for the benefits which it had paid to Edrozo, but, at least on the record before us, apparently also would have been able to amend its complaint to take into account its obligations to Lisi. (See generally *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 934 [136 Cal.Rptr. 269, 559 P.2d 624]; *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 584 [86 Cal.Rptr. 465, 468 P.2d 825].)

---

[11]In its complaint, the county does not allege that either Lisi or Edrozo failed to notify the county of his settlement with Sanfax. In its points and authorities in opposition to demurrer, the county conceded that Lisi notified the county of his impending settlement, one day before its execution. In its brief presented to this court, the county concedes that Edrozo informed the county of the on-going settlement negotiations in March 1974; the county claims, however, that Edrozo did not inform the county of the ultimate settlement. The county did not assert this last claim before the trial court.

Under these circumstances, we hold that the trial court did not err in sustaining the demurrer without leave to amend. In reviewing the demurrer, the trial court could not look beyond the county's complaint. It is the complainant's burden to assert special defenses to the statute of limitations if the complaint is to survive demurrer. (Cf. *Baker* v. *Beech Aircraft Corp.* (1974) 39 Cal.App.3d 315, 321 [114 Cal.Rptr. 171] [complaint must "clearly and unequivocally" allege fraudulent concealment tolling statute of limitations]; *Bradler* v. *Craig* (1969) 274 Cal.App.2d 466, 472 [79 Cal.Rptr. 401] ["burden was on plaintiffs to excuse their late filing by affirmative allegations" of delayed discovery of injury]; see generally 3 Witkin, Cal. Procedure (2d ed. 1971) §§ 779-783, pp. 2395-2399.) Because the complaint did not allege Edrozo's failure to give ultimate notice, the trial court need not have considered that possibility in ruling on the demurrer. Because the county, in its filings with the trial court, did not allege this failure, nor seek to amend its complaint, the trial court had no reason to suppose that the county could amend its complaint to allege facts giving rise to a defense to the statute of limitations, and thus did not err in sustaining the demurrer without leave to amend.

The county's claim that a one-year statute of limitations running from the date of injury begins to run before an employer has any remedy is thus overstated. In the ordinary case, in which the employer acknowledges the employee's right to benefits, the employer can bring suit immediately after the employee's injury. Even in unusual cases like this one, in which the employer's obligation to pay benefits is not immediately clear, an employer faced with the one-year statute of limitations retains means of protecting its interests.

Statutes of limitation reflect a balance of the interests of the litigants. We have seen that fair treatment of the interests of third party tortfeasors and employees becomes more likely if the employer's right of action is delimited by a one-year statute of limitations running from the date of the employee's injury. Since such a statute of limitations does not leave the employer without remedy, we conclude that enforcement of this statute reflects a fair accommodation of the interests of the litigants.[12]

### 4. Conclusion

As we have seen, unless the statute of limitations is otherwise tolled, an employer has one year from the date of its employee's injury within which to bring suit against a third party under Labor Code section 3852. In this case, the county did not bring suit within the one-year period. The trial court thus correctly held that the statute of limitations barred the county's claim.

To supplant the one-year statutory period with the three-year period is to violate the scheme and symmetry of this portion of the workers compensation system, which, assimilating the rights of the employer with those of the employee, restricts the limitation period of the employer to that of the employee: one year.

---

[12]The county also argues that, by filing a lien in Edrozo's action, it tolled the statute of limitations and that, in filing their actions, Edrozo and Lisi tolled the statute for the county. The first of these arguments is plainly without merit under the facts of this case. The county did not file its lien until May 4, 1973, over one year and five months after the explosion which injured Edrozo and Lisi. Since the statute of limitations for an independent action had already run by the time the county filed its lien, the county can hardly claim that by filing its lien it tolled the statute.

The county's argument that Edrozo and Lisi tolled the statute of limitations for it is also unpersuasive. As we have seen (see pp. 873-874, ante) the workers compensation statutes which we have considered here have as one of their objectives the goal of minimizing the likelihood that a third party tortfeasor will have to defend more than one lawsuit. The county's proposal is flatly inconsistent with this goal.

The judgment dismissing the complaint is affirmed.

Mosk, J., Clark, J., Richardson, J., Wright, J.,* Sullivan, J.,† and Lillie, J.,‡ concurred.

Appellant's petition for a rehearing was denied October 13, 1977.

---

*Retired Chief Justice of California sitting under assignment by the Acting Chairman of the Judicial Council.

†Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

‡Assigned by the Chairman of the Judicial Council.