NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHY WU, individually and on behalf of all others similarly situated,  Plaintiff-Appellant,  v.  SUNRIDER CORPORATION dba SUNRIDER INTERNATIONAL, a Utah Corporation; TEI-FU CHEN, an individual; and OI-LIN CHEN, an individual,  Defendants-Appellees. | No. 18-55705  D.C. No. 2:17-cv-04825-DSF-SS  MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted November 6, 2019
Pasadena, California

Before: FARRIS, MCKEOWN, and PARKER,[**] Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barrington D. Parker, United States Circuit Judge for the Second Circuit, sitting by designation.

Plaintiff-Appellant, Kathy Wu, appeals from the District Court's grant of summary judgment for Defendants-Appellees ("Sunrider") on the ground that Wu's Endless Chain Scheme Law ("ECL"), Cal. Penal Code § 327 & Cal. Civ. Code § 1689.2, Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200 *et seq.*, and unjust enrichment claims were time-barred.  We affirm the District Court.[1]

The District Court did not err in its determination of when Wu's claims accrued.  Under California law, a statute of limitations "runs from the moment a claim accrues." *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 875 (Cal. 2013). As noted by the California Supreme Court, the default accrual rule is the "last element accrual rule," which provides that unless an equitable exception applies, a claim accrues upon "occurrence of the last element essential to the cause of action." *Id.* at 875 (internal quotation marks omitted).  This default accrual rule governs Wu's claims. *Id.* at 876, 878.

Applying the last element accrual rule here, the District Court correctly held that Wu's ECL and UCL claims accrued at the earliest "in 2007 or, at the latest, in 2009." *Wu v. Sunrider Corp.*, 2018 WL 6266577, at *4 (C.D. Cal. May 22, 2018). To bring an ECL claim, Wu must demonstrate that she was "[a] participant in an

---

[1] The facts are known to the parties and will not be repeated except as necessary.

endless chain scheme, as defined in Section 327 of the Penal Code." Cal. Civ. Code § 1689.2. As Wu premises her UCL claim on the ECL, when Wu's UCL claim accrued will depend upon when her ECL claim accrued. *See Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016).

The District Court found it "undisputed" that Wu was a participant in an endless chain scheme when she became "a Sunrider IBO in November 2007 by completing the Distributor Agreement and purchasing a Sunrider starter pack." *Wu*, 2018 WL 6266577, at *4. The District Court also found it "undisputed" that "[Wu] placed an order for products on April 1, 2009," which she may have done "to keep her IBO account active." *Id.* Thus, the District Court concluded, Wu's ECL and UCL claims accrued at the earliest in 2007, but "no later than 2009." *Id.* In reaching its holding, the District Court explained "[t]hat [Wu] may have been injured once more in 2014, when she purchased additional Sunrider products based on nothing other than a desire to 'give it a try again,' does not restart the limitations period." *Id.* (citing *Spellis v. Lawn*, 200 Cal. App. 3d 1075, 1080 (1988)). We see no error in the District Court's conclusion.

Further, the District Court did not err in holding that Wu's unjust enrichment claim accrued, at the latest, in 2014, when she placed an additional order for Sunrider products on May 13, 2014.

The District Court also correctly determined the applicable statutes of limitations for Wu's claims. The ECL does not contain its own limitations period. However, § 338 provides a three-year statute of limitations for any "action upon a liability created by statute, other than a penalty or forfeiture." Cal. Civ. Proc. Code § 338(a). The District Court found that Wu's "ECL claim derives from California Penal Code § 327 and California Civil Code § 1689.2, and therefore is subject to section 338(a)'s three-year limitation." *Wu*, 2018 WL 6266577, at *3. We agree. *See Cty. of San Diego v. Sanfax Corp.*, 568 P.2d 363, 370 (Cal. 1977); *Winick Corp. v. Gen. Ins. Co.*, 231 Cal. Rptr. 606, 608 (Ct. App. 1986). A two-year statute of limitations applies to Wu's unjust enrichment claim. Cal. Civ. Proc. Code § 339(1) (two-year statute of limitations for actions based on "a contract, obligation or liability not founded upon an instrument of writing"). Lastly, a four-year statute of limitations applies to Wu's UCL claim. *See* Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued.").

Given the applicable statutes of limitations, Wu's claims are time-barred. Wu's ECL and UCL claims accrued, at the latest, in 2009 and her unjust enrichment claim in 2014. However, Wu did not file her complaint until May 31, 2017, well beyond the applicable statutes of limitations.

-4-

The District Court did not err when it found that Wu could not avail herself of the discovery rule or the continuing violations doctrine. A plaintiff relying on the discovery rule, must show "(1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (Cal. 2005) (internal quotation marks omitted). Wu states she could not have discovered her cause of action until January 2017 when she performed online research after speaking with a friend and later an attorney.

However, these allegations are insufficient to establish that Wu exercised reasonable diligence. The California Supreme Court has emphasized that a "plaintiff discovers the cause of action when [s]he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if [s]he lacks knowledge thereof –when, simply put, [s]he at least 'suspects . . . that someone has done something wrong' to [her]." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397-98 (Cal. 1999) (quoting *Jolly v. Eli Lilley & Co.*, 751 P.2d 923, 927 (Cal. 1988) (en banc)). "Once the plaintiff has a suspicion of wrongdoing . . . she must decide whether to file suit or sit on her rights." *Jolly*, 751 P.2d at 928.

The District Court held that Wu's "available information sufficiently established a basis for reasonable suspicion of wrongdoing" well before 2017. *Wu,*

2018 WL 6266577, at *6.  Wu admitted that in 2007 individuals from Sunrider had told her that she could make money by recruiting friends and family to become an IBO.  *Id.* (citing Wu Dep. Tr. at 26:13-27:8; 27:13-18).  Wu also had access to "Sunrider's Business Guide, videos, and income graphics."  *Id.* (citing Dep. Tr. at 20:1-21:13, 22:22-23:19).  Yet, as the District Court noted, Wu "was not successful in making money—in fact, over the course of her ten years of involvement, . . . [Wu] did not recruit a single person or sell a single product."  *Id.*  Moreover, when Wu attempted to sell products to her friends, they told her the products "were 'mediocre' and 'overpriced.'"  *Id.* (citing Wu. Dep. Tr. at 127:9-19).  A reasonably prudent person with awareness of these facts would have at least some suspicion of possible wrongdoing by Sunrider.  *Norgart*, 21 Cal. 4th at 397-98.  Consequently, the District Court correctly concluded that "this is not an appropriate case for application of the discovery rule."  *Wu*, 2018 WL 6266577, at *6.

The continuing violations doctrine also does not apply.  The continuing violations doctrine tolls the limitations period when the injuries "are the product of a series of small harms, any one of which may not be actionable on its own."  *Aryeh*, 292 P.3d at 879.  The District Court found that "[t]his is not a case in which a wrongful course of conduct became apparent only through the accumulation of a

series of harms." *Wu*, 2018 WL 6266577, at *7. We agree. Wu has not shown here that Sunrider's conduct was the source of a series of small harms; or, that her injuries in 2009 would only be actionable in conjunction with Sunrider's conduct occurring in later years.

We have considered the remainder of Wu's arguments and find them to be without merit. Thus, the judgment of the District Court is **AFFIRMED.**