[Civ. No. 38141. Second Dist., Div. Four. May 25, 1971.]

EDWARD P. ROSKI, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
TRAVELERS INSURANCE COMPANY, Real Party in Interest;
OSCAR E. SHAW, Real Party in Interest; Intervener.

842

## COUNSEL

Murchison, Cumming, Baker & Velpmen and Joseph Di Giulio for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

Milton Wasserman and Leonard Sacks for Real Party in Interest; Intervener.

## OPINION

KINGSLEY, J.—Intervener and real party in interest Shaw (hereinafter "Shaw") was injured on July 13, 1967, when he fell through the ceiling of a building owned by Petitioner Roski and his partners, while Shaw was working thereon as an employee of Virco Manufacturing Company. Virco was insured for workmen's compensation coverage by Travelers Insurance Company (hereinafter "Travelers"), the other real party in interest herein. Pursuant to its policy with Virco, Travelers made compensation payments to Shaw.

Travelers then filed an action against petitioner and his copartners for reimbursement on the ground of negligence on the part of such defendants which allegedly caused the accident. This action, filed July 3, 1968, was Los Angeles Superior Court case number 935202: Travelers Insurance Company v. Roski, et al. The answers of petitioner and his codefendants were filed on or about August 6, 1968. Settlement negotiations between Travelers and the defendants resulted in the filing by Travelers and the entry of a voluntary dismissal pursuant to Code of Civil Procedure section 581, subdivision 1, in the civil register on March 27, 1970.

On September 23, 1970, Shaw filed a document entitled "Notice of Motion to Vacate and Set Aside Dismissal of Action; and for Order Permitting Oscar E. Shaw, the Real Party in Interest, to file his Complaint in Intervention for Personal Injuries." After continuances, the matter of the motion came on for hearing and, on December 23, 1970, the respondent court, purportedly, pursuant to Code of Civil Procedure section 473, granted the motion to vacate the dismissal and granted leave to Shaw to file his complaint in intervention. Thereafter petitioner filed a motion to vacate the order granting the motion to vacate the dismissal. This was heard by the court and denied on March 9, 1971.

Petitioner Roski now seeks, in this court, a writ of mandate to compel respondent court to vacate the order setting aside the voluntary dismissal and a writ of prohibition against any further proceedings in case number 935202. We issued an alternative writ of mandate; a return has been filed and the matter has been argued before us. For the reasons hereinafter set forth we direct the issuance of a peremptory writ of mandate; since the

effect of that writ will be to terminate case number 935202, we deny the petition for a writ of prohibition as unnecessary.

Even though more than one year had elapsed since the date of the injury, Shaw was still entitled to intervene in the action brought by Travelers, so long as that action remained pending. (Lab. Code, § 3853.) He was entitled to written notice of the Travelers action (Lab. Code, § 3853), and, also, to notice of any release or settlement of the Travelers action. (Lab. Code, § 3860, subd. (a).)[1]

Shaw had received the written notice of the Travelers action, as required by section 3853, on December 8, 1968; his deposition in that action was taken on December 17, 1968. However, he did not exercise, or attempt to exercise, his right to intervene in that action until September 23, 1970—thirty months after the action was filed, six months after it had been dismissed and five months after he admits knowledge of the dismissal.[2]

Shaw's attorney, Wasserman, telephoned to Travelers' attorney, Kean, some two days before the settlement of the case. There is a dispute between the attorneys as to what was said at the time of the telephone call, Wasserman claiming that he told Kean that he was going to file a complaint in intervention. Kean states that Wasserman telephoned him to advise that he was going to reopen Shaw's case with the Workmen's Compensation Appeals Board. Kean claims that he advised Wasserman that he, Kean, did not represent Travelers before the Workmen's Compensation Appeals Board and that Wasserman should take the matter up with Travelers Insurance office in Torrance. Kean further states that he advised Wasserman of the settlement negotiations with Roski and his codefendants, and that those negotiations were currently going on and would continue and that it appeared that a settlement had been reached.

In any event, on or about April 20, 1970, Shaw attempted to file a complaint in intervention and found that the main action had been dismissed with prejudice as to all defendants on March 27, 1970.

 Petitioner contends that respondent court acted in excess of or without jurisdiction in ruling upon the motion to vacate dismissal and in

---

[1]Subdivision (a) of section 3860 of the Labor Code reads as follows: "No release or settlement under this chapter, with or without suit, is valid or binding as to any party thereto without notice to both the employer and the employee, with opportunity to the employer to recover the amount of compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, and opportunity to the employee to recover all damages he has suffered and with provision for determination of expenses and attorney's fees as herein provided."

[2]Shaw's attorney learned of the dismissal on or about April 20, 1970.

issuing its order to vacate the dismissal theretofore entered in Travelers v. Roski, Los Angeles Superior Court case number 935202.

The contentions of petitioner seem to be correct. The pertinent provisions of section 581 of the Code of Civil Procedure read as follows:

"An action may be dismissed in the following cases:

"1. By plaintiff, by written request to the clerk, filed with the papers in the case . . . at any time before the actual commencement of trial . . .; provided, that a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant.

" . . . . . . . . . . . . . . . . .

"5. The provisions of subdivision 1, of this section, shall not prohibit a party from dismissing with prejudice . . . any cause of action at any time before decision rendered by the court. Provided, however, that no such dismissal with prejudice shall have the effect of dismissing a counterclaim or cross-complaint filed in said action or of depriving the defendant of affirmative relief sought by his answer therein."

The term "defendant," as used in that section, applies to an intervener in the action if he has sought affirmative relief against a party to the action. (*In re Mercantile Guaranty Co.* (1968) 263 Cal.App.2d 346, 350 [69 Cal.Rptr. 361].)

In the case at bench, as of March 27, 1970, there was no pleading on file seeking affirmative relief within the meaning of Code of Civil Procedure section 581 and plaintiff therefore had an absolute right to dismiss, and the dismissal was effective as of that date. Accordingly, the court was thereafter without jurisdiction to act upon any motion that Shaw might file. It is a well settled proposition of law that, where a plaintiff has filed a voluntary dismissal of an action pursuant to Code of Civil Procedure section 581, subdivision 1, the court is without jurisdiction to act further in the action. (*Eddings* v. *White* (1964) 229 Cal.App.2d 579, 583 [40 Cal.Rptr. 453]; *Egly* v. *Superior Court* (1970) 6 Cal.App.3d 476, 481-483 [86 Cal.Rptr. 18]; *Klinghoffer* v. *Barasch* (1970) 4 Cal.App. 3d 258, 262 [84 Cal.Rptr. 350].) As this court declared, in a case coming within this statute, where no affirmative relief has been sought in the pleadings, the privilege of dismissing belongs to the plaintiff and may be exercised by him without the knowledge of the other parties or the consent of the court. (*Wilson* v. *L. A. County Civil Service Com.* (1954) 126 Cal.App.2d 679 [273 P.2d 34]; *Nickola* v. *Superior Court* (1952) 111 Cal.App.2d 620, 621 [245 P.2d 20].)

The provisions of Code of Civil Procedure section 473 cannot

be relied upon for relief by Shaw nor does that remedial section clothe respondent court with jurisdiction to set aside the voluntary dismissal filed by Travelers in the aforesaid action. Only a *party* to an action or *his legal representative* may avail himself of the relief afforded by Code of Civil Procedure section 473. In *Smith* v. *Roberts* (1905) 1 Cal.App. 148 [81 P. 1026], one Hicks had had the right for a full year to intervene in the action but did not avail himself of that right. Judgment had been entered and Hicks had never become a party to the action either as an intervener or otherwise. Subsequently Hicks filed a motion under Code of Civil Procedure section 473 to vacate the judgment entered in order that he might intervene. The court ruled that he could not make the motion under Code of Civil Procedure section 473 because he had never been a party to the action. Not only is the relief to be granted only to a party to the action but the relief afforded is from a "judgment order or other proceeding taken against *him*. . . ." (Italics supplied.) No judgment order or other proceeding was taken against Shaw or his legal representative. Neither Shaw nor his attorney was a party or the legal representative of a party in the action. (*Chase* v. *Superior Court* (1962) 210 Cal.App.2d 872, 876 [27 Cal.Rptr. 383]; *Lavaysse* v. *Superior Court* (1944) 63 Cal.App.2d 223 [146 P.2d 686].)

Where the court has lost its jurisdiction, it has no discretion which can be exercised. (*Crenshaw Bros.* v. *Southern Pac. Co.* (1919) 42 Cal.App. 44 [183 P. 208].)

In all of the cases involving dismissals cited by Shaw the dismissals were set aside on the motion of a *party*. Hence they are not applicable to the case at bench. The intervener Shaw places a great deal of reliance on the case of *Kimball* v. *Pacific Gas & Elec. Co.* (1934) 220 Cal. 203 [30 P.2d 39], but that was a new and independent action and did not involve intervention after a voluntary dismissal or an intervention at all.

In the case at bench, once the main action had been dismissed, there was no action pending within which Shaw could file his motion for voluntary dismissal much less a complaint in intervention or otherwise. (Code Civ. Proc., § 1049; *Mason & Associates, Inc.* v. *Guarantee Sav. & Loan Assn.* (1969) 269 Cal.App.2d 132 [74 Cal.Rptr. 669]; *People* v. *Sparks* (1952) 112 Cal.App.2d 120, 121 [246 P.2d 64].) The court therefore lacked jurisdiction to entertain the motion.

If we understand him correctly, counsel for Shaw contends that subdivision (a) of section 3860 of the Labor Code operates to make the *dismissal* invalid, so that case number 935202 is still pending. He misconceives the effect of that statute. It does no more than to prevent either

Roski or Travelers from setting up their mutual *settlement* as a bar to any independent action which Shaw might now be able to bring against them or either of them. The record before us is not sufficient for us to determine whether any such independent action is now available and we do not determine that potential issue.

The alternative writ of mandate is discharged; the petition for a writ of prohibition is denied; let a peremptory writ of mandate issue, directing respondent court to vacate its order of December 23, 1970, purporting to vacate the voluntary dismissal of action number 935202 as entered on March 27, 1970, and purporting to grant leave to Oscar Shaw to file a complaint in intervention in that action.

Files, P. J., and Jefferson, J., concurred.

The petition of real party in interest Shaw for a hearing by the Supreme Court was denied July 21, 1971.