[No. C051752. Third Dist. Apr. 18, 2007.]

DEBORAH McKINNON, Plaintiff and Appellant, v.
OTIS ELEVATOR COMPANY, Defendant and Respondent.

**COUNSEL**

Vantassell, Fornasero & Wagstaffe and Paul J. Wagstaffe for Plaintiff and Appellant.

Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Clinton S. Hein and Julie P. Farrah for Defendant and Respondent.

OPINION

DAVIS, J.—In this matter involving workers' compensation and an employer's subrogation action against an alleged third party tortfeasor, we construe the employer/employee notice and consent obligations of Labor Code sections 3853, 3859 and 3860, subdivision (a).[1]

We conclude that when an employer fails to adequately notify its employee of its subrogation lawsuit and proposed settlement involving the alleged third party tortfeasor and fails to obtain the employee's consent to the settlement of that suit, and when the settling alleged third party tortfeasor, prior to settlement, was or reasonably should have been aware of the possibility of the employee's claim for damages against the tortfeasor, the alleged tortfeasor cannot use the mere settlement and dismissal of the employer's subrogation action to bar the employee from maintaining her own action for damages against the alleged tortfeasor. (§§ 3853, 3859, 3860, subd. (a).) The employee's action for damages against the alleged tortfeasor, however, must account for any workers' compensation benefits paid to the employee, or to be paid, so as to preclude double recovery for the employee and double liability for the tortfeasor.

Accordingly, we reverse the summary judgment in favor of the alleged third party tortfeasor here.

BACKGROUND

On May 24, 2002, Deborah McKinnon (Employee) tripped and fell getting out of an elevator at her workplace at Landmark Healthcare, injuring herself. Allegedly, the elevator was not level with the floor.

Landmark Healthcare's workers' compensation insurer, Everest National Insurance Company, and its claims administrator, American Commercial Claims Administrators (collectively, Employer), paid and became obligated to pay workers' compensation benefits to Employee, and, on May 23, 2003, filed a negligence-based subrogation complaint against Otis Elevator Company (Otis) to recoup these benefits. (§ 3852.)[2]

---

[1] Hereafter, undesignated section references are to the Labor Code.

[2] For simplicity, the terms "Employer" and "employer," as used in this opinion, include an employer's insurance carrier for workers' compensation, unless otherwise indicated. (See § 3850, subds. (b), (c) [defining "employer" to include insurer].)

During the subrogation process, Employer sent two letters to Employee. The first letter, dated June 10, 2003, informed Employee that Employer was pursuing "subrogation against Otis" and inquired whether Employee was pursuing "a third party action against the elevator company" and whether Employee had "filed a lawsuit." (See § 3853.) Employee responded about a week later that she was "undecided at th[at] time" about pursuing a "third part [*sic*] action"; it depended "on the outcome of [her] foot and toes." The second letter, dated January 27, 2004, informed Employee that Employer was "in the process of settling its case against Otis" "to recover . . . the workers' compensation benefits paid to you" and asked for Employee's consent to the settlement, which Employee never gave. (See § 3859, 3860, subd. (a).)

On April 2, 2004, Employer dismissed its subrogation lawsuit against Otis pursuant to their settlement.

On May 21, 2004, Employee sued Otis, as an alleged third party tortfeasor, for negligence arising out of her May 24, 2002, workplace injury.

In August 2005, Otis moved for summary judgment against Employee's suit, contending that Employee was required under the section 3850 et seq. statutory scheme to bring her suit together with Employer's subrogation suit and that Employee's suit was now time-barred under section 3853 in light of the dismissal of Employer's suit. The trial court granted the motion in November 2005.

Employee then filed this appeal.

### DISCUSSION

The issue in this appeal is whether the trial court erroneously granted summary judgment against Employee in favor of the alleged third party tortfeasor, Otis. This issue requires us to construe the notice and consent provisions of sections 3853, 3859 and 3860, subdivision (a). This presents a question of law based on undisputed facts that we determine independently. (*Reader's Digest Assn. v. Franchise Tax Bd.* (2001) 94 Cal.App.4th 1240, 1245 [115 Cal.Rptr.2d 53].) We conclude the trial court erroneously granted summary judgment to Otis.

First, some background.

■ The basic bargain underlying the workers' compensation system is that an injured worker forgoes the pursuit of tort damages against her

employer in return for an expeditious financial resolution of her workplace injury. (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 15–16 [276 Cal.Rptr. 303, 801 P.2d 1054].)

"The California workers['] compensation scheme not only fixes the right of an employee who suffers a job-related injury to·recover compensation from his or her employer . . . [,] but also significantly defines the rights of action of both an employee and an employer in the event that a third party is responsible for the employee's injury [§ 3850 et seq.]. These statutory provisions [i.e., § 3850 et seq.] are 'primarily procedural.' (*Roe v. Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884, 889 [117 Cal.Rptr. 683, 528 P.2d 771].) They seek to insure, first, that, regardless of whether it is the employee or the employer who sues the third party, both the employee and the employer recover their due, and, second, that, as far as possible, the third party need defend only one lawsuit.

"To these ends, the workers['] compensation statutes set up procedures which guarantee an employee and an employer notice of each other's action, authorize the employee and the employer to intervene in each other's lawsuit, provide for mandatory consolidation of separate employee and employer actions, and grant the employee and the employer the right to share in each other's judgment or settlement." (*County of San Diego v. Sanfax Corp.* (1977) 19 Cal.3d 862, 872 [140 Cal.Rptr. 638, 568 P.2d 363] (*Sanfax*).) In this way, "*employer and employee third-party actions are interchangeable*" under the workers' compensation scheme. (*Ibid.*)

■ The statutory scheme of section 3850 et seq. is designed to prevent double recovery by an employee or an employer, and to preclude double liability being imposed on a third party tortfeasor. (*O'Dell v. Freightliner Corp.* (1992) 10 Cal.App.4th 645, 653 [12 Cal.Rptr.2d 774] (*O'Dell*); *Sanfax, supra,* 19 Cal.3d at p. 873; *Board of Administration v. Glover* (1983) 34 Cal.3d 906, 911–912, 917 [196 Cal.Rptr. 330, 671 P.2d 834] (*Glover*).) This statutory scheme is designed to hold the third party liable, "as far as possible" (*Sanfax, supra,* at p. 872) in " 'one total action,' " " 'for all the wrong his tortfeasance brought about' [citation], regardless of whether it is the employee or the employer who brings suit." (*Sanfax, supra,* at p. 873, italics omitted; see *Glover, supra,* at p. 912.)

As we have noted, at issue here are sections·3853, 3859, and 3860, subdivision (a) of the statutory scheme codified in section 3850 et seq.

To set the stage, though, we must begin with section 3852, which provides in relevant part: "The claim of an employee . . . for [workers'] compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay [workers'] compensation . . . may likewise make a claim or bring an action against the third person."

Section 3853 pertains to notice regarding employee or employer third party lawsuits and specifies: "If either the employee or the employer brings an action against such third person, he shall forthwith give to the other a copy of the complaint by personal service or certified mail. Proof of such service shall be filed in such action. If the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently."

Here, Employer did not serve Employee with a copy of its subrogation complaint for negligence against Otis, but merely provided a letter to Employee, dated June 10, 2003, from the attorney for its workers' compensation insurer. This letter stated:

"I represent American Commercial Claims Administrators [ACCA] in its subrogation against Otis Elevator. We are representing ACCA in an attempt to recover the benefits paid to you or on your behalf as a result of the incident on Otis Elevator which occurred on May 24, 2002.

"I am interested to know whether or not you are pursuing a third party action against the elevator company and whether or not you have filed a lawsuit. If you could please provide me with the information to that end I would appreciate it. You can contact me by telephone or by mail at the above address."

About a week later, Employee responded to this letter, stating: "In response to you [*sic*] request I am undecided at this time if I plan to pursue a third part [*sic*] action. It depends on the outcome of my foot and toes."

Indisputably, Employer did not satisfy the notice requirements of section 3853. It did not serve, either personally or by certified mail, its subrogation complaint on Employee. It did not even mention in its June 10, 2003, letter that there was a subrogation *complaint or lawsuit*. It suggested that Employee could pursue an independent third party action, and it said

nothing about the mandatory consolidation of such an action required by section 3853. (See *Carden v. Otto* (1974) 37 Cal.App.3d 887, 896 [112 Cal.Rptr. 749] *(Carden)* [to satisfy § 3853 requires *"proper notice"*]; *id.* at p. 897 ["Since the right to intervene exists up to the time of trial on the facts, proper notice of the trial date is essential. Proper and orderly procedure dictates that the notice be a formal one and not be left to informal communication between counsel"].)

Sections 3859 and 3860, subdivision (a), pertain to settlements of third party actions and are to be read together. (See *Insurance Co. of North America v. T.L.C. Lines, Inc.* (1996) 50 Cal.App.4th 90, 95 [57 Cal.Rptr.2d 542] *(INA)*; *American Home Assurance Co. v. Hagadorn* (1996) 48 Cal.App.4th 1898, 1908 [56 Cal.Rptr.2d 536] *(American Home)*.)

Section 3859 provides:

"(a) No release or settlement of any claim under this chapter as to either the employee or the employer is valid without the written consent of both. Proof of service filed with the court is sufficient in any action or proceeding where such approval is required by law.

"(b) Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim he may have against a third party without the consent of the employer. Such settlement or release shall be subject to the employer's right to proceed to recover compensation he has paid in accordance with Section 3852."

And section 3860, subdivision (a), adds as relevant: "(a) No release or settlement under this chapter, with or without suit, is valid or binding as to any party thereto without notice to both the employer and the employee, with opportunity to the employer to recover the amount of [workers'] compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, and opportunity to the employee to recover all damages he has suffered . . . ."

In line with sections 3859 and 3860, the attorney for Employer sent Employee the following letter dated January 27, 2004:

"I . . . represent American Commercial Claims Administrators [ACCA] in its subrogation action against Otis Elevator. [B]ack in June of 2003 [you

were] advised that we are representing ACCA in an attempt to recover from Otis Elevator the workers' compensation benefits paid to you or on your behalf as a result of the accident that occurred on May 23 [*sic*], 2002. At that time, you informed [us] that you were not pursuing a third party action against the elevator company.

"At the current time ACCA is in the process of settling its case against Otis Elevator Company for the workers' compensation benefits paid on your behalf. This will not affect any of your rights under the workers' compensation laws of the State of California to continue to recover monies owed to you under the workers' compensation system. This settlement is simply a civil case settlement between ACCA and Otis Elevator. Pursuant to California Labor Code section 3859, we are required to give you notice of our settlement and receive your written consent that it is okay for the settlement to go through. Attached to this letter is a separate sheet of paper that requires your signature. It simply states that 'I, [Employee], have been informed of the settlement between ACCA and Otis Elevator regarding my May 24, 2002 injury and I do not have any objections to the settlement.'

"It would be greatly appreciated if you could sign that statement and send it back [in the enclosed stamped and addressed envelope] to my attention at your earliest convenience."

Employee never gave her consent to the settlement between Employer and Otis. (§ 3859.) Nevertheless, Employer and Otis settled the subrogation lawsuit and then dismissed it on April 2, 2004. Furthermore, the letter just quoted above did not explain that this settlement might adversely affect Employee's pursuit of a third party action against Otis. Instead, the letter coyly noted that the settlement would not affect Employee's rights *under the workers' compensation laws*. In short, Employer failed to provide Employee notice about its settlement with Otis that would give Employee the "opportunity . . . to recover all damages" she had suffered. (§ 3860, subd. (a); see *Carden, supra,* 37 Cal.App.3d at p. 896 [the § 3850 et seq. statutory scheme requires "*proper notice*"].)

Consequently, as to Employee, Employer failed to comply with the notice and consent requirements of sections 3853, 3859, and 3860, subdivision (a), concerning Employer's subrogation lawsuit and settlement with the alleged third party tortfeasor, Otis. The question in this appeal is what effect, if any, this failure has on the Employee's lawsuit for negligence (and related claims) against Otis.

To start with, section 3860, subdivision (a), states that "[n]o release or settlement . . . , with or without suit, is valid or binding as to any party

thereto without" the requisite notice affording the employee an opportunity to recover all damages suffered. Does this mean the settlement between Employer and Otis and the dismissal based thereon are invalid, so that the lawsuit between Employer and Otis is still pending and Employee may now intervene in that lawsuit? No. The lawsuit between Employer and Otis has been voluntarily dismissed; it is over in a jurisdictional sense and cannot be resurrected at this point. (See *Roski v. Superior Court* (1971) 17 Cal.App.3d 841, 846 [95 Cal.Rptr. 312] (*Roski*); *O'Dell, supra*, 10 Cal.App.4th at pp. 658–659.)

This issue of an allegedly invalid settlement and dismissal under section 3860, subdivision (a), was considered in *Roski*, and the court resolved it in the following manner, with which we agree: ". . . [the employee] contends that subdivision (a) of section 3860 of the Labor Code operates to make the [settlement-based] *dismissal* invalid, so that [the] case [between the employer and the alleged third party tortfeasor] is still pending. [The employee] misconceives the effect of that statute. It does no more than to prevent either [the alleged third party tortfeasor or the employer] from setting up their mutual *settlement* as a bar to any independent action which [the employee] might now be able to bring against them or either of them." (*Roski, supra*, 17 Cal.App.3d at pp. 846–847.)

*Roski* suggests, then, that an employee may still have an independent action against an alleged third party tortfeasor, notwithstanding a settlement between the tortfeasor and the employer, if the statutory notice and consent requirements in favor of the employee have not been satisfied. (*Roski, supra*, 17 Cal.App.3d at pp. 844, 846–847.)

This suggestion was taken a step further in *Glover*. There, an injured employee settled a claim and executed a general release in favor of an alleged third party tortfeasor. The employer was ignorant of the employee's claim and settlement against the alleged tortfeasor, and the alleged tortfeasor was ignorant that workers' compensation applied to the injury. Our state high court held that the employer could not sue the alleged tortfeasor to recoup workers' compensation benefits paid to the employee. Consistent with principles of equitable subrogation, said the court, the burden of a failure to comply with the notice and consent requirements of sections 3859 and 3860 must fall solely on the employee because the employee was the only participant in the settlement of the third party claim who both knew of the existence of the employer's claim for reimbursement and had express and timely notice of an obligation to inform the employer of any such settlement. (*Glover, supra*, 34 Cal.3d at pp. 909–910, 911, 916.) An alleged third party tortfeasor who is ignorant of these matters—termed an "*unknowing* alleged tortfeasor"—is relieved "of the consequences of the settlement's invalidity" under section 3860, subdivision (a). (34 Cal.3d at p. 917.)

In dicta, however, the *Glover* court suggested "the situation may well be different" for an alleged third party tortfeasor "who is aware or reasonably should be aware of the employer's [workers' compensation] reimbursement claim at the time of settlement"—that is, a "knowing" alleged tortfeasor. (*Glover, supra,* 34 Cal.3d at p. 917.) Said the *Glover* court: "[W]here . . . the third party tortfeasor prior to settlement is or reasonably should be aware of the possibility of the employer's claim, such [knowing] tortfeasor may also incur liability to the employer under the statutory scheme [§§ 3859, 3860] because of his failure to notify the employer of the settlement and to obtain its consent thereto." (*Id.* at p. 919; see also p. 917, citing with approval *Ventura County Employees' Retirement Association v. Pope* (1978) 87 Cal.App.3d 938, 957 [151 Cal.Rptr. 695] (*Pope*) [which indicated, also in dicta, that a knowing third party tortfeasor who proceeded with a settlement and release with an employee—without the employee or the tortfeasor giving notice of the prospective settlement to the employer—entered into the settlement at its peril; absent such notice to the employer, the settlement is not binding on the employer and need not be taken into account in future litigation against the tortfeasor]; see also *INA, supra,* 50 Cal.App.4th at p. 101 ["*Glover* stands for the general proposition that an employer which is not given notice of a . . . settlement [between an employee and an alleged third party tortfeasor that includes the employer's claim for reimbursement] . . . has a cause of action against the settling third party alleged tortfeasor . . . *if and only if* that third party [tortfeasor] knew or should have known of the existence of or potential for a [workers'] compensation claim and failed to notify the employer"].)

*Glover, Pope* and *INA* all discuss the situation where an employee has settled with an alleged third party tortfeasor and where the employer has not been notified of the settlement in a way that allows the employer to recover the workers' compensation amounts it has paid or will pay and the special damages to which it may be entitled. As we noted above, "*employer and employee third-party actions* [under the section 3850 et seq. statutory scheme] *are interchangeable.*" (*Sanfax, supra,* 19 Cal.3d at p. 872.) If we "interchange" a settling employer for the settling employee in *Glover, Pope* and *INA,* we arrive at the following conclusion, as specified from *Glover:* If an alleged third party tortfeasor settles with an employer, and the tortfeasor "prior to settlement [was] or reasonably should [have been] aware of the possibility of the employ[ee]'s claim [for damages], such tortfeasor may also incur liability to the employ[ee] under the statutory scheme [§§ 3859, 3860] because of his failure to notify the employ[ee] of the settlement and to obtain [the employee's] consent thereto." (*Glover, supra,* 34 Cal.3d at p. 919.)

Here, there is no question that Otis, prior to settlement with Employer, was or reasonably should have been aware of the possibility of Employee's claim

for damages, given that Employer's subrogation complaint against Otis for negligence specified all of the identifying and factual details of Employee's accident and injury involving Otis's elevator. Consequently, under this employer/employee "interchangeable" view of *Glover-Pope-INA*, Employee may maintain her action against Otis because Otis, a "knowing" alleged tortfeasor, failed to notify her of its settlement with Employer and failed to obtain her consent thereto.

There is one wrinkle, however, in this "interchangeable" argument based on *Glover, Pope* and *INA*. As the Court of Appeal in *O'Dell* rightly noted, any imposition of notice duties upon an alleged third party tortfeasor, as set forth in *Glover* and *Pope*, was stated simply in dicta (*INA* was decided after *O'Dell*). (*O'Dell, supra*, 10 Cal.App.4th at pp. 662–663.) *O'Dell* reasoned that if the Legislature had intended to impose a statutory duty of notification on an alleged third party tortfeasor, it could have done so in clear language in the section 3850 et seq. statutory scheme but such language is nowhere to be found. And *O'Dell* concluded that it was for the Legislature, not the courts, to impose such a duty on a third party tortfeasor. (*O'Dell, supra*, 10 Cal.App.4th at pp. 663–664.)

We also observe that because third party actions under the section 3850 et seq. statutory scheme always involve either a fully knowledgeable employer or employee (§ 3852), sections 3853, 3859 and 3860, subdivision (a), specifically impose their notice and consent obligations upon employers and employees. Section 3860, subdivision (a), however, adds that a release or settlement is invalid "as to *any party thereto*" if the nonsettling employer or employee has not received notice that provides an opportunity for full recovery. (Italics added.)

■ Consequently, what we distill from sections 3853, 3859 and 3860, subdivision (a), and from *Glover, Pope, INA,* and *O'Dell*—as applied to the situation before us in which an employer, who settles with a "knowing" alleged third party tortfeasor, fails to provide notice and obtain consent as to its employee—is the following. Under section 3853, the employer must provide the employee with a copy of the subrogation complaint by personal service or certified mail, and must file proof of such service in that action. Under section 3859, a settling employer has a duty to obtain the employee's consent to the settlement. Under section 3860, subdivision (a), a settling employer has a duty to provide notice to the employee in a way that provides the employee with the opportunity to recover all damages the employee has suffered. The sued and/or settling alleged third party tortfeasor does not directly have notice and consent duties under these statutes. But if that

alleged tortfeasor, prior to settlement, is or reasonably should be aware of the possibility of the employee's claim for damages, such a "knowing" tortfeasor settles with the employer at the peril of being sued by the employee if the employer has failed to carry out its statutory notice and consent duties to the employee.

Here, there is no question that Employer failed to adequately notify Employee of its subrogation complaint against Otis. (§ 3853.) There is also no question that Employer failed to obtain Employee's consent to a settlement of that lawsuit and failed to notify Employee of that settlement in a way that would allow Employee the opportunity to recover all damages she had suffered. (§§ 3859, 3860, subd. (a), respectively.) And there is no question that Otis, prior to settlement, was or reasonably should have been aware of the possibility of Employee's claim for damages, given that the Employer's negligence-based subrogation complaint against Otis specified all of the identifying and factual details of Employee's accident and injury involving the Otis elevator. (*Glover, supra,* 34 Cal.3d at p. 919.) Consequently, the settlement and dismissal of Employer's subrogation lawsuit against Otis does not bar Employee's lawsuit against Otis. (See *Roski, supra,* 17 Cal.App.3d at pp. 846–847.) As to Employee's lawsuit against Otis, Employee will not be allowed double recovery and Otis will not be subjected to double liability. (See *American Home, supra,* 48 Cal.App.4th at pp. 1903, 1908–1909.)

Our conclusion comports with the following two bedrock principles underlying the section 3850 et seq. statutory scheme:

One, this scheme "seek[s] *to insure, first,* that, regardless of whether it is the employee or the employer who sues the third party, both the employee and the employer recover their due, *and, second, that, as far as possible,* the third party need defend only one lawsuit." (*Sanfax, supra,* 19 Cal.3d at p. 872, italics added.)

And two, the "fair implementation of subrogation rights within th[is] statutory scheme, as well as general principles of equity, compel [the] result here" that forecloses the Employer/Otis settlement and dismissal from barring Employee's action against Otis. (*Glover, supra,* 34 Cal.3d at p. 916; see also *American Home, supra,* 48 Cal.App.4th at pp. 1908–1909.) It is unfair to allow Otis, a "knowing" alleged tortfeasor, to rely on section 3853 to argue that Employee's action against Otis is time-barred on the basis that Employee failed to join in or consolidate with Employer's subrogation action, when there was no compliance with section 3853's notice requirement to Employee.

## DISPOSITION

The judgment in favor of Otis is reversed. Employee (McKinnon) shall recover her costs on appeal.

Scotland, P. J., and Raye, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 11, 2007, S153020.