Filed 1/29/16  Zenith Ins. Co. v. Bunn-O-Matic CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| ZENITH INSURANCE COMPANY, | |
| Plaintiff and Respondent, | E062728 |
| v. | (Super.Ct.No. MCC1400758) |
| BUNN-O-MATIC et al., | OPINION |
| Defendants and Respondents; | |
| OLGA GRASSO, | |
| Movant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sharon J. Waters, Judge.

Affirmed.

Law Office of Herb Fox and Herb Fox; Law Offices of John P. Rosenberg and

John P. Rosenberg for Movant and Appellant.

Lewis Brisbois Bisgaard & Smith, Anthony E. Sonnett and David B. Litt for

Defendant and Respondent Bunn-O-Matic.

1

Weston Herzog Wenderoff and William S. Weston for Defendant and Respondent PepsiCo, Inc. (See fn. 1, *post*.)

Chernow and Lieb and Michael J. Daniels for Plaintiff and Respondent Zenith Insurance Company.

Movant and appellant Olga Grasso was injured at her place of employment. Her employer was insured for workers' compensation coverage by plaintiff and respondent Zenith Insurance Company (Zenith). Zenith paid the loss and pursued a subrogation action against defendants and respondents PepsiCo, Inc. (PepsiCo)[1] and Bunn-O-Matic (Bunn). Following a global settlement, the subrogation action was voluntarily dismissed prior to Grasso filing a complaint in intervention. Grasso objected to the dismissal and moved to set it aside to allow her to intervene. The trial court denied her motion, and she appeals.

## I. PROCEDURAL BACKGROUND AND FACTS

On May 23, 2012, Grasso was injured on the job when she slipped and fell on liquid near the beverage dispensing machine. She received workers' compensation benefits that were paid by Zenith. On May 21, 2014, Zenith filed a subrogation claim (Zenith action) against Bunn and PepsiCo, the companies who designed, manufactured, and/or operated the beverage dispensing machine. Zenith claimed that PepsiCo performed maintenance on the subject beverage dispenser, that the machine was

---

[1] In their reply brief, respondents note that the subrogation claim should have been filed against Grayhawk Leasing, LLC; however, Zenith erroneously sued and served PepsiCo.

manufactured by Bunn, and that both PepsiCo and Bunn were responsible for Grasso's alleged injuries. Zenith sought damages for the medical expenses, earnings compensation and other benefits it paid to Grasso as a result of the accident. On May 29, 2014, Zenith served Grasso at her home in Texas with notice of the Zenith action pursuant to Labor Code section 3853. Bunn filed its answer on June 19, 2014. On June 20, 2014, Grasso retained attorney John Rosenberg to represent her.

Shortly after the Zenith action was filed, the parties reached a settlement. On June 27, 2014, one of the defendants filed a notice of settlement, serving all parties, including Grasso, with a copy.[2] On July 9, 2014, Grasso filed her objection to the settlement along with notice of her intent to intervene. Two days later, she filed and served an ex parte application for leave to file a complaint in intervention. On July 14, 2014, Zenith filed a request for dismissal without prejudice. The dismissal was entered that same day and the parties, including Grasso, were served with a conformed copy. On July 16, 2014, the trial court took Grasso's ex parte application off calendar, noting that the case had been dismissed.

On September 30, 2014, Grasso moved to set aside the dismissal so that she could intervene in the Zenith action. All parties to the Zenith action opposed the motion. A hearing was held on November 18, 2014, and the trial court denied Grasso's motion on the ground that it had no jurisdiction based on the holding in *Roski v. Superior Court* (1971) 17 Cal.App.3d 841 (*Roski*).

---

[2] Grasso complains that this notice was not served on her, but only on her workers' compensation attorney.

3

## II. DISCUSSION

Grasso contends the trial court erred in denying her motion to set aside the dismissal on the basis of the discretionary provisions of Code of Civil Procedure section 473, subdivision (b). However, she argues that the issue "is not merely whether the trial court abused its discretion. Instead, it declined to exercise its discretion, finding that it had no jurisdiction. Whether a court has subject matter jurisdiction is a question of law that is reviewed de novo [citation]."

Code of Civil Procedure section 581, subdivision (b)(1), provides a party with the almost unlimited right to dismiss an action. (See *O'Dell v. Freightliner Corp.* (1992) 10 Cal.App.4th 645, 659 (*O'Dell*).) One primary exception under the statute applies when another party has filed a pleading seeking affirmative relief. Nonetheless, the voluntary dismissal of a lawsuit terminates the trial court's jurisdiction over the matter. (*Ibid*.) Here, at the time the parties filed their request to dismiss the entire action on July 14, 2014, Grasso had not yet intervened. As no pleading seeking affirmative relief was on file at the time, Grasso had no right to block the dismissal. (See *Roski*, *supra*, 17 Cal.App.3d at p. 845.)

Both *Roski* and *O'Dell* addressed issues similar to the one raised by Grasso, i.e., the right of a nonparty to set aside a dismissal in order to intervene. In *Roski*, after an injured employee received workers' compensation benefits, the employer filed suit against the alleged third party tortfeasor, settled, and filed a voluntary dismissal of the action. (*Roski*, *supra*, 17 Cal.App.3d at p. 843.) The employee sought to set aside the dismissal so that he could intervene in the action pursuant to Labor Code section 3853.

4

(*Roski*, *supra*, at pp. 843-844.) The trial court granted the employee's motion to vacate and set aside the dismissal pursuant to Code of Civil Procedure section 473. (*Roski*, *supra*, at p. 843.) On appeal, the *Roski* court reversed. The court noted that the employee was entitled to intervene "so long as that action remained pending." (*Id.* at p. 844.) However, because that action had been dismissed, the court held that the trial court lacked jurisdiction to entertain the employee's motion. (*Id*. at p. 846.)

In *O'Dell*, an injured employee received workers' compensation benefits and brought an action against the alleged third party tortfeasor. (*O'Dell*, *supra*, 10 Cal.App.4th at p. 651.) The employee settled his case before trial and voluntarily dismissed the lawsuit. Thereafter, the employer sought to set aside the dismissal so that it could intervene. (*Ibid.*) Despite concluding that the employee had not fulfilled its statutory obligation under the Labor Code to notify the employer of the action or settlement (*O'Dell*, *supra*, at pp. 656-657) the appellate court reasoned that the dismissal precluded the employer's action against the third party defendant and that the employer "is therefore left to whatever remedies it might assert against [the employee] either by suit for breach of the duty to notify or as a credit against future compensation benefits it may have to pay [him]." (*Id*. at p. 662.)

The present situation is governed by the holdings in *Roski* and *O'Dell*. The fact that Grasso had filed an ex parte application seeking leave to intervene prior to the entry

5

of the dismissal is irrelevant.[3]  Until her complaint was filed, she was not a party to the Zenith action.  The trial court's concern that the voluntary dismissal was in some way "strategic"[4] was misplaced.  It does not matter whether the dismissal was intended to block Grasso's assertion of her claims in the Zenith action.  The parties were legally entitled to do so and Grasso was not entitled to a further opportunity to press her tardy claims.  No legal basis existed to vacate the dismissal when entered.  (Cf. Code Civ. Proc., § 473, subd. (b).)

It also is irrelevant whether the statute of limitations on any claim Grasso may have asserted against PepsiCo or Bunn may have now passed, barring Grasso from filing a separate action for relief.  The Labor Code was set up to "grant the employee and the employer the right to share in each other's judgment or settlement." (*County of San Diego v. Sanfax Corp.* (1977) 19 Cal.3d 862, 872.)  However, it does not extend the statute of limitations for the employee or the employer. (*Id*. at p. 886 [the statutory scheme of the Labor Code does not extend the statute of limitations beyond that of the employee]; see also *Fairmont Ins. Co. v. Frank* (1996) 42 Cal.App.4th 457, 460 [an employee was prohibited from intervening in the subrogation action because he failed to diligently prosecute his own lawsuit, which was dismissed].)

---

[3]  Code of Civil Procedure section 387 requires an individual not named as a party to an action to seek leave of court for permission to intervene.

[4]  "I really do feel as if the settlement was expedited simply to try to avoid the plaintiff . . . from intervening."

The trial court did not err in denying Grasso's motion to set aside the dismissal.

## III.  DISPOSITION

The order is affirmed.  Respondents shall recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST          
Acting P. J.

We concur:

MILLER          
    J.

CODRINGTON          
    J.