Filed 6/23/21  Slaughter v. State Farm General Insurance Co. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| DJUANIQUE SLAUGHTER, | B301910 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC700457) |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory W. Alarcon, Judge.  Affirmed.

Djuanique Slaughter, in pro. per., for Plaintiff and Appellant.

Murchison & Cumming, Jean M. Daly and Christy Gargalis for Defendant and Respondent.

\* \* \* \* \* \*

Djuanique Slaughter (appellant) appeals from a judgment of dismissal entered in this action against her homeowners insurance carrier, State Farm General Insurance Company (respondent).[1]  The matter was dismissed after appellant was unprepared to proceed with trial on the day set for the trial to commence.

Appellant, who appears before this court in propria persona, makes no comprehensible legal or factual argument that the trial court committed any error or that the judgment was entered in error.  Therefore, we affirm the judgment.

## BACKGROUND

Appellant has failed to provide a sufficient factual summary of the case.  Her statement of facts is three sentences long, and contains no citations to the record.  Therefore, we rely exclusively on the statement of facts and record citations provided by respondent.

**Commencement of lawsuit**

In March 2017, there was a water leak in appellant's house. In April 2018, appellant filed a complaint against respondent. On April 24, 2018, appellant filed a first amended complaint.[2]  In June 2018, respondent filed an answer and demand for jury trial.

---

[1]  Appellant erroneously sued respondent as State Farm Homeowners Insurance.

[2]  Neither the complaint, nor the first amended complaint, is contained in the record on appeal.  Respondent states that appellant alleged six causes of action against respondent for breach of contract, bad faith, breach of fiduciary duty, negligent misrepresentation and declaratory relief, and sought to recover punitive damages.

**Respondent's summary adjudication motion and appellant's appeal**

In May 2019, respondent filed a motion for summary judgment or summary adjudication (MSA).[3] On September 9, 2019, the trial court filed a ruling denying respondent's MSA as to appellant's causes of action 2, 3, 5, 6, and 7. The MSA was granted as to appellant's 4th cause of action for breach of fiduciary duty and her request for punitive damages.

The court noted that respondent presented the following evidence in support of its motion:

> "[Respondent] inspected the incident one day after it was reported and paid for some of the repair costs three days after the incident was reported. (SS 6-9.) Over the next few weeks, [respondent] stayed in touch with [appellant] regarding water mitigation services and additional living expenses. (SS 10-29.) About a month after the incident was reported, [respondent] helped find [appellant] a place to live during the repairs but [appellant] did not move in at the time. (SS 30-32). [Respondent] asked for [appellant's] electricity bills to determine if those costs will be repaid and disactivated [appellant's] insurance claim until [appellant] provides [*sic*] the bill. (SS 33-36.) About seven months later, [appellant] sent a water damage report to [respondent], but [respondent] denied coverage those damages [*sic*] because [appellant] failed to mitigate by not diligently hiring a water mitigation service. (SS 37-39.)"

---

[3] Respondent's motion for summary judgment or summary adjudication is not contained in the record on appeal. Nor are any supporting papers, or any response by appellant. The date of the motion is ascertainable only from the case summary.

Based on these facts, the trial court found that respondent had met its burden of showing that its conduct was not oppressive, fraudulent, or malicious as a matter of law. Appellant failed to present evidence raising a triable issue of material fact as to her punitive damages claim.

On September 11, 2019, appellant filed a notice of appeal from the September 9, 2019 order denying the MSA but granting summary adjudication as to two issues. On August 17, 2020, this court dismissed the appeal for lack of jurisdiction. (*Slaughter v. State Farm General Ins. Co.* (Aug. 18, 2020, B300683).)

**Trial and dismissal**

On September 6, 2019, appellant appeared ex parte to continue trial on the ground that the parties had agreed to mediation. In her declaration in support of the ex parte application, appellant noted that she had been unable to find an attorney willing to represent her but that she had a prospective attorney willing to represent her in the event that trial was continued. On September 6, 2019, the trial court denied the ex parte application to continue trial.

On October 7, 2019, the parties appeared for trial. Appellant was representing herself. Appellant had not responded to any of respondent's pre-trial communications regarding trial documents, joint documents, or any of the exhibit books. Appellant advised the court that she wanted to mediate, and the court sent the parties to a judge for a settlement conference.

The parties returned to the courtroom at 2:30 p.m. on the same day and advised the court that the case did not settle.

Respondent waived its previously asserted right to a jury trial. The trial court asked appellant for her first witness, but she indicated she did not have a witness and was not ready to

proceed. The trial court expressed its concern that appellant was not ready for trial, did not have exhibits, had not subpoenaed witnesses, and did not know who was going to testify. Due to appellant's lack of preparation, respondent moved to dismiss.

The court held a 30-minute recess to allow appellant to look at respondent's exhibits and discuss witnesses. Following the recess, appellant again asked for a continuance. Respondent opposed any further continuance. The trial court noted that appellant had not been diligent. Appellant stated that she was not prepared for trial and had been seeking an attorney. The trial court advised appellant that it would not continue trial to allow an attorney to consider whether to take her case.

On October 8, 2019, the parties convened for the second day of trial. Appellant moved to dismiss the case without prejudice. Respondent moved to dismiss the case with prejudice under Code of Civil Procedure section 581 (section 581). The court agreed that the trial had commenced and dismissed the case with prejudice pursuant to section 581, subdivision (d).

**Appellant's second appeal**

Appellant filed her appeal from the court's October 8, 2019 order of dismissal on October 18, 2019.

## DISCUSSION

### I.    Applicable law and standard of review

Section 581, subdivision (d), provides that with certain exceptions, "the court shall dismiss the complaint, or any cause of action asserted in it, in its entirety or as to any defendant, with prejudice, when upon the trial and before the final submission of the case, the plaintiff abandons it."

5

Motions to dismiss under section 581 are generally reviewed for abuse of discretion. (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827 [involving dismissal under § 581, subd. (f)(2)].) Under this standard, we give "abundant deference" to the trial court's ruling. (*People v. Jackson* (2005) 128 Cal.App.4th 1009, 1018.) We examine the ruling and ask whether it exceeds the bounds of reason or is arbitrary, whimsical, or capricious. (*Ibid.*)

Motions for summary judgment, or summary adjudication, are reviewed under the de novo standard. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60.)

To the extent that it is applicable, relief from waiver of the right to a jury trial is reviewed for abuse of discretion. (Code Civ. Proc., § 631; *Gann v. Williams Brothers Realty, Inc.* (1991) 231 Cal.App.3d 1698, 1704.)

## II. Appellant has forfeited her arguments on appeal

Appellant's opening brief, and the record she has provided, do not provide sufficient information for a determination of a legal or factual basis for this appeal.[4]

A judgment or order of the lower court is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) "'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Ibid.*) Thus, it is appellant's obligation to articulate claims of reversible error and "present argument and authority on each point made." (*County of Sacramento v. Lackner*

---

[4] Appellant has not filed a reply brief in this appeal.

(1979) 97 Cal.App.3d 576, 591.) An appellant's failure to meet this burden may be considered an abandonment of the appeal. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

Appellant has failed to satisfy these obligations in this appeal. Appellant's statement of facts is completely devoid of citations to the record, and her entire brief contains no citations to the record with the exception of two references to the reporter's transcript.[5] The record provided by appellant is also deficient. Appellant has failed to include the complaints, the respondent's MSA, any opposition, or any supporting documents. It is appellant's burden to provide an adequate record on appeal. (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230.) Our review is "'limited to issues which have been adequately raised and briefed.'" (*Ibid.*) In this appeal, there are no such issues.

Appellant's decision to act as her own attorney on appeal does not entitle her to any leniency as to the rules of practice and procedure. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

Since the issues in appellant's opening brief are not properly presented or sufficiently developed to be cognizable, we decline to consider them and treat them as waived. (*People v.*

---

[5] Appellant cites the reporter's transcript for the following assertion: "The court granted defendant's oral application for a Nonjury Trial the day the jury trial was to commence (RT 15: 18-20)." The only other citation to the record found in appellant's brief is the following: "On such basis, Slaughter has a statutory right to jury trial (RT 22: 10-12)." There are no other citations to the record in appellant's brief.

7

*Stanley* (1995) 10 Cal.4th 764, 793; *In re David L.* (1991) 234 Cal.App.3d 1655, 1661.)

## III. Appellant's arguments fail

To the extent that we can ascertain appellant's arguments and the relevant facts, we briefly address these claims.

### A. *Denial of jury trial*

Although appellant's opening brief does not state a comprehensible argument, she first attempts to articulate an argument suggesting that the trial court erred in denying her a jury trial. Appellant suggests that the trial court's grant of respondent's waiver of jury trial on the day of trial was reversible error.

The cited transcript shows that respondent waived a jury trial on October 7, 2019, the day the court deemed the parties ready for trial. The court noted that respondent paid the fees, but confirmed "you're waiving it?" Respondent's counsel responded, "Correct, we are, Your Honor." The record shows that appellant did not object nor make any request for a jury trial on her own behalf. Appellant does not point to a citation to the record showing that she ever requested a jury trial or paid the requisite fees. Nor did she object when respondent waived jury trial.

Issues not raised at the trial court level may not be raised for the first time on appeal. (*In re Aaron B.* (1996) 46 Cal.App.4th 843, 846.) Appellant failed to make this argument to the trial court below. Consequently, she may not raise it on appeal, and we decline to discuss it further.

### B. *Dismissal with prejudice*

Next, appellant attempts to argue that the trial court was without jurisdiction to dismiss her case on the second day of trial.

8

Appellant fails to provide citations to the record or any factual explanation of the sequence of events leading up to the trial court's dismissal with prejudice of her action on the second day of trial.  She asserts, without reference to the record, that she dismissed the case on October 8, 2019.  The reporter's transcript indicates that both parties moved to dismiss the matter on the second day of trial.  The court stated:  "So, plaintiff is moving to dismiss the case, the defense wants it with prejudice, relying on 581, since the case has actually commenced to trial."  The court then proceeded to dismiss the case with prejudice.

Appellant fails to cite any legal authority that, under the circumstances of this case, where trial had already commenced and both parties moved to dismiss, one with prejudice, one without, the trial court erred in dismissing with prejudice.

Appellant cites inapplicable law suggesting that "where a plaintiff has filed a voluntary dismissal of an action pursuant to section 581, [former] subdivision 1, the court is without jurisdiction to act further."  (*Eddings v. White* (1964) 229 Cal.App.2d 579, 583.)  *Eddings* involved a situation where a voluntary dismissal of the matter was filed five days before a motion to dismiss the action for failure to prosecute was heard.  The *Eddings* court reversed the trial court's judgment of involuntary dismissal and sanctions due to undue delay.  The two orders were void because the action had previously been voluntarily dismissed by the plaintiff.  (*Id.* at pp. 582-583.)  *Roski v. Superior Court* (1971) 17 Cal.App.3d 841, also cited by appellant, similarly involved an inapplicable situation.  In *Roski*, a nonparty attempted to file a complaint in intervention in an action after the action had been dismissed with prejudice by the parties.  The trial court acted in excess of its jurisdiction in

9

vacating the dismissal. (*Id.* at pp. 844-845.) Neither *Eddings* nor *Roski* is pertinent to the present situation.

A trial court must dismiss an action with prejudice "when upon the trial and before the final submission of the case, the plaintiff abandons it." (§ 581, subd. (d).) Generally, a trial court has no discretion to decline to dismiss an action with prejudice after the actual commencement of trial. (§ 581, subd. (e).) The only exception to these rules is if "all affected parties to the trial consent to dismissal without prejudice" or by a showing of "good cause." (§ 581, subd. (e).)

The trial court determined that trial had commenced, and neither exception was applicable.

### 1.    *Commencement of trial*

Section 581, subdivision (a)(6) states that "[a] trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." Here, the parties appeared for trial and respondent was ready to proceed. Respondent argued that appellant "did not engage and has not engaged in any of the exhibits or any of the motions required by local rules." Respondent indicated it was ready, but appellant had "not responded to one request regarding the trial documents; one request to joint documents, as required by local rule; any of the exhibit books; even returning the original transcript." When the court invited the parties to engage in settlement negotiations, appellant stated that she did not have her computer. The court indicated that she did not need a computer to settle. The court then inquired of appellant, "Do you have your stuff? Do you have

10

receipts?  You must have something, right?  You brought something to court, right, to mediate?"  Appellant stated that she did not have the necessary information.

When the court asked appellant who her first witness would be, appellant responded, "Well, I don't have them here today . . . ."  Appellant then requested another continuance.  Due to appellant's lack of preparation, respondent moved to dismiss.  The court indicated to appellant, ". . . I'm hoping you're going to put on some evidence.  It's your case,  You've had it for a long time.  You filed a number of motions.  This is the day of trial."

Respondent later engaged in more argument requesting dismissal of the matter and objecting to any continuance beyond that day.  Appellant admitted that she was not prepared for trial.  The court gave appellant one evening to contact witnesses, tell respondent what she intended to do in terms of exhibits, and respond to respondent's motions in limine.  The proceedings were adjourned to the following morning at 9:30.  At that time, respondent's request for dismissal with prejudice was granted on the ground that trial had previously commenced.

The trial court did not err in determining that trial had commenced.  The parties had appeared for trial and engaged in extensive argument, which is one of the criteria for the commencement of trial under section 581, subdivision (a)(6).

**2.** *Exceptions to mandatory dismissal*

Neither exception to mandatory dismissal existed here.  Appellant did not have good cause.  She had not participated in pretrial preparation.  She had not prepared witnesses for trial, did not have admissible exhibits, and had not produced any expert witnesses for depositions.  Appellant did not deny that she

11

was unprepared for trial on the day it commenced.  Respondent objected to any further continuance.

Under the circumstances, appellant has failed to meet her burden of showing that the trial court erred in granting respondent's motion to dismiss the matter with prejudice under section 581, subdivision (d).

Appellant has also failed to meet her burden of showing that the trial court acted in excess of its jurisdiction in dismissing the matter with prejudice.  We have found no error in the trial court's determination that trial had commenced by the time appellant filed her voluntary dismissal of the case on October 8, 2019.  Appellant provides no citations to the record showing that she made her motion to dismiss without prejudice prior to the commencement of trial.  Thus, the trial court had jurisdiction to dismiss the matter with prejudice.  (§ 581, subds. (d), (e).)

## C.   *Summary adjudication as to breach of fiduciary duty and punitive damages claims*

Before this court may reverse a judgment, the appellant must demonstrate prejudicial error.  (*Finney v. Gomez* (2003) 111 Cal.App.4th 527, 550; Cal. Const., art. VI, § 13.)  "An error is prejudicial where there is a good probability, in the absence of the error, the result to the appellant would have been more favorable."  (*Finney v. Gomez, supra*, at p. 550.)

Appellant has failed to show how she could obtain a more favorable result in the absence of the trial court's grant of summary adjudication as to one cause of action and her prayer for punitive damages.  Her case was dismissed with prejudice at trial due to her abandonment of the case.  Even if the court had not summarily adjudicated these two causes of action, they would have been dismissed at trial due to appellant's complete lack of

12

preparation and abandonment of her case. Appellant fails to address this issue on appeal, and therefore fails to meet her burden of showing prejudicial error.

Further, appellant makes her entire argument on this issue without a single citation to the record. She has not included the MSA or opposition in the record on appeal. Under the circumstances, appellant has failed to meet her burden of showing error.

Appellant bears the burden of providing an adequate record and her failure to do so requires that the issue be resolved against her. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 ["the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment"].) Where, as here, the ""record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."" (*Ibid.*) Therefore, the trial court's order granting summary adjudication of appellant's fourth cause of action and request for punitive damages is affirmed.

## DISPOSITION

The judgment is affirmed. Respondent is awarded its costs on appeal.

_____, J.
CHAVEZ

We concur:

_____, P. J.        _____, J.
LUI                               HOFFSTADT

13